## SUPREME COURT.

### Edward S. Boyd agt. Samuel Colt.

Where, on a question of fact, the plaintiff *swears one way,* and the defendant directly *adverse, (as authorized by* § 397 *of the Code)* and the defendant introduces a letter of the plaintiff in evidence, written before the commencement of the action, flatly contradicting his oath, the jury are bound to disregard his oath.

*New York General Term, October,* 1860.

Sutherland, Bonney and Leonard, *Justices.*

Sutherland, J.   The question in this case was, whether the services performed by the plaintiff for the defendant in London, were performed under a special agreement, to be paid for at the rate of $1000 per year, or whether they were performed without any special agreement as to the rate of compensation, and with a view of the plaintiff's receiving therefor what they were really worth.   On this question of fact, the plaintiff swore one way, and Mr. Sargeant, the agent of the defendant, another.   The jury had a right to credit the plaintiff, and not Sargeant.   We ought not to grant a new trial because they did so.

But I do not see how the jury could disregard the plaintiff's letter, produced and read in evidence by the defendant on the trial.   In that letter the plaintiff expressly admits that he had been in the defendant's employ for two years, at $1000 (meaning, evidently, at the rate of, or salary of $1000 per year,) and these two years must include the period of his services in London up to the date of his letter, or to the 1st of January, 1854.

It appears to me, that this letter, unexplained, was conclusive against the plaintiff, and that the jury were bound to disregard his oath, when flatly contradicted by his own letter, written long before the action was commenced.

I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.