CORNELIUS O'BRIEN, Respondent, *against* THOMAS MC-MANUS, Impleaded with Edward S. Phyfe, Bernard A. Smith, and Pierre Van Alstyne, Appellant.

(Decided January 16th, 1885).

Where the testimony of a plaintiff in his own behalf is contradicted, not only by other witnesses, but also by his own writings, made long before the litigation began, and unexplained by him, his testimony should be disregarded; and a judgment in his favor supported only by such testimony must be reversed.

APPEAL from a judgment of the district court in the City of New York for the Fifth Judicial District.

The facts are stated in the opinion.

*J. F. Gray*, for appellant.

*A. C. Anderson*, for respondent.

J. F. DALY, J.—The plaintiff is the assignee of Maurice J. O'Connor, a stenographer, who was employed to take the testimony before Mr. Breen, a referee, in an action wherein these defendants, Van Alstyne and Smith, were plaintiffs, and these defendants, McManus and Phyfe, were the defendants.

Mr. O'Connor testified that a stipulation was made at the reference and entered by him in the minutes, that the successful party to the action should pay the stenographer's fees. This action is brought to recover $194.25 balance due for those fees, from McManus, as the successful party. McManus appears to be the only defendant who was served with the summons herein, although all the parties to the stipulation are named as defendants. He appeared and answered orally by a general denial, allegation of defective parties, non-joinder, plaintiff not party in interest, services rendered under special contract, and payment.

O'Brien *v.* McManus.

The special contract alleged by defendant was a stipulation that each party to the action in question should pay half the stenographer's fees. Defendant swore that this was the agreement. The referee testified, as far as his recollection served, to the same effect. In corroboration the bills, several in number, rendered by plaintiff were produced, and they contain charges against the parties on the basis that each is bound to pay half the fees. Mr. O'Connor is therefore contradicted not only by witnesses but by his own writings made long before the litigation began. This is sufficient to call for a reversal of the judgment under the authority of *Kehr* v. *Stauf*, in this court, May, 1883, (12 Daly 115) and *Molloy* v. *The Central R. R. Co.*, in this court in 1882 (10 Daly 453), and *Boyd* v. *Colt* (20 How. Pr. 384), where it was held that the plaintiff's testimony should be disregarded where it is contradicted by his previous writing, if the latter be unexplained. An explanation was offered here of these bills. Mr. O'Connor says in substance that, finding the reference likely to be a long one, he asked each party to pay half the fees as they went along, and they agreed to it. This shows a rescission of the first agreement and the making of a new one. The only question is what, if anything, do defendants McManus and Phyfe owe upon the arrangement to pay one half. We cannot ascertain this clearly from the testimony. The case must be sent back for a new trial, for the additional reason that judgment should have been rendered against Phyfe as well as McManus upon their joint contract to pay half the fees.

LARREMORE, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.