### Curtis v. Wheeler & Wilson Manuf'g Co.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

Review on Appeal—Weight of Evidence.

In an action against a corporation on an alleged agreement between it and plaintiff, the latter's testimony to the making of such agreement on behalf of the corporation by its president was entirely uncorroborated, while the president's denial that he made such agreement was corroborated by all the probabilities of the case, by letters written by plaintiff to defendant and transactions between him and its attorney, after the alleged agreement and long before the action, in which he made claims inconsistent with the existence of such an agreement, and by the fact that he made no claim under such agreement until long after the time when it was alleged to have been made.   *Held*, that a verdict for plaintiff was against the weight of evidence, and a judgment thereon, and order denying a motion for a new trial, should be reversed on appeal.

Appeal from circuit court, New York county.

Action by George H. W. Curtis against the Wheeler & Wilson Manufacturing Company, upon an agreement, alleged to have been made on behalf of the defendant company by its president, Nathaniel Wheeler, to pay plaintiff the sum of $5,000 in consideration of the assignment by him to the company of a certain invention, and of the letters patent therefor, if such letters should be issued, and if the invention should turn out a commercial success.   Defendant denied the making of the alleged agreement, and also set up as a defense an agreement by plaintiff to release defendant from all claims on account of such assignment, which the attorney of the company, Solomon J. Gordon, testified was made between plaintiff and himself, on behalf of the company, as a settlement of plaintiff's claims against the company.   The jury found a verdict for plaintiff.   From the judgment entered thereon, and from an order denying its motion for a new trial, defendant appeals.

Argued before Van Brunt, P. J., and Daniels and Ingraham, JJ.

*W. H. Williams, (Myron Winslow,* of counsel,) for appellant.   *Howard A. Sperry, (Henry Cooper,* of counsel,) for respondent.

Ingraham, J.   I think the judgment should be reversed, and a new trial granted, on the ground that the verdict of the jury, where they found that there was a contract whereby the defendant agreed to pay plaintiff $5,000 for the machine, was against the weight of evidence.   The plaintiff's testimony as to such agreement is entirely uncorroborated by any other testimony.   All that Louise Cadmus, who was called for the plaintiff, testifies to was that she did not hear Mr. Wheeler refuse to give $5,000, and, so far I can see, nobody has ever testified that Mr. Wheeler did refuse to give $5,000; the question being whether or not Mr. Wheeler did agree to pay that sum to the plaintiff.   The making of such an agreement is expressly denied by Mr. Wheeler, and his denial is corroborated by all the probabilities of the case; by the letters written by plaintiff to defendant two or three years subsequent to the alleged promise, and long before the commencement of the action; the transactions between the plaintiff and Mr. Gordon at the time the alleged settlement took place; and the fact that no claim was made for the $5,000 for a long time after the alleged contract was made.   The letters written by plaintiff to Mr. Wheeler are absolutely inconsistent with the existence of the contract claimed by plaintiff.   In all of these letters the claim is made that the plaintiff is entitled to one dollar on each machine.   That claim is expressly stated in the letter of April 5, 1880, and the letter of April 3, 1882.   No good purpose will be subserved by an extended analysis of the testimony that has led us to this conclusion.   It is sufficient to say that this conclusion has been arrived at by a careful consideration of the whole testimony.   It has been held by this court, where plaintiff's testimony to sustain his cause of action was uncorroborated, and was contradicted by letters written by him to the defendant long before the commencement of the action, that a verdict in fa-

vor of plaintiff will be set aside, and a new trial granted, as in such case the jury was bound to disregard the testimony of the plaintiff, and the verdict was against the weight of evidence. See *Boyd* v. *Colt*, 20 How. Pr. 384; *Manufacturing Co.* v. *Foster*, 51 Barb. 351; *Lynch* v. *Pyne*, 52 How. Pr. 435. There was, however, no motion made to dismiss the complaint, and the question is before us on the appeal from the order denying the motion for a new trial. That order and the judgment should be reversed, and a new trial granted, on payment of the costs of the trial, including witness fees and other disbursements, with costs of this appeal to appellant to abide the event. All concur