IDA K. HELWIG, Respondent, v. THE MUTUAL LIFE INSURANCE COMPANY, of New York, Appellant.

By a policy of life insurance issued by defendant, the answers of the appellant to defendant's medical examiner were warranted to be true. In answer to the question "when last attended by a physician and cause?" the answer was "six years, measles." In an action upon the policy, for the purpose of proving the death, plaintiff produced in evidence a verified certificate, made about five months after the application, in which the attending physician stated that he had been the medical attendant or adviser of the decedent "for astralgia about one and a half years ago." *Held*, that the certificate could be availed of by defendant as evidence showing the falsity of the answer so made to the medical examiner; that the fact defendant would not have been permitted to introduce the statement in the certificate was not material; and, therefore, that a refusal of the court to charge, as requested by defendant, that this statement was to be taken into consideration by them was error.

(Argued March 15, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Sewell* for appellant. The certificate of the physicians given in evidence concludes the plaintiff. (*B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450; *Ins. Co.* v. *Newton*, 22 Wall. 22.) It was error to strike out on plaintiff's motion the testimony of physicians that they had "treated" Helwig professionally subsequent to 1881. (Code Civ. Pro. § 834; *Heath* v. *B. & S. A. R. R. Co.*, 25 J. & S. 496; *Henry* v. *N. Y., L. E., etc., R. R. Co.*, 10 N. Y. Supp. 508; *Cary* v. *White*, 59 N. Y. 336; *Steele* v. *Ward*, 30 Hun, 560; *Eddington* v. *Æ. L. Ins. Co.*, 77 N. Y. 564, 571; *People* v. *Schuyler*, 106 id. 298, 305; *B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 id. 45.) It was fatal error in the court to charge that "nothing could be inferred from the testimony of the physicians alone further than the fact that they did not visit him; and the fact that he was suffering from a disease for which they attended him, cannot be drawn as a conclusion from their testimony. You must be satisfied from the other testimony in the case that such was the fact before you find the fact. And if you are not satisfied, your verdict should be for the plaintiff." (*Holt* v. *Holt*, 112 N. Y. 515; *Numrich* v. *Supreme Lodge*, 3 N. Y. Supp. 553.)

*A. Simis, Jr.*, for respondent. Under the Code of Civil Procedure (§ 834) a person duly authorized to practice medicine is prohibited from disclosing any information acquired by him while attending a person in a professional capacity. (*Westover Case*, 99 N. Y. 56; *Grattan Case*, 80 id. 297.) The question whether there was a breach of warranty in that the thirtieth and thirty-first questions in the application were answered untruthfully was a question for the jury. (*Dilleber Case*, 69 N. Y. 263; *Cushman Case*, 70 id. 72; *Bancroft Case*, 120 id. 14; *Edgington* v. *M. L. Ins. Co.*, 67 id. 185.)

BRADLEY, J. The policy of insurance which is the subject of this action, was made upon the application of Richard W. Helwig, August 17, 1887, and by it the defendant upon certain conditions undertook to pay to the plaintiff, his wife, upon

his death $5,000. The application was part of the contract and the answers by him to defendant's medical examiner were in continuation of the application, and were warranted by the insured to be true. Amongst those questions and answers were the following: "When last attended by physician and cause? 6 years ago, measles. Name and address of the physician? Dr. Langsman, New York." The charge is that those answers were untrue and that the consequence was a breach of the warranty. And in support of that charge reference is made by the defendant's counsel to the attending physician's certificate made in January, 1888 (verified by his oath), of the death of the insured in December, 1887, in which certificate appear the following questions and answers: "Were you his medical attendant or adviser before his last illness? Yes. If so for what disease and when? For astralgia, about 1½ years ago."

It is urged that nothing in this certificate can be treated as evidence of breach of warranty because it was made to furnish proofs of the death of the insured; and that the matter of the declaration in question of the physician was such as he would not be permitted to disclose as a witness. It is true that by the contract the furnishing of proofs of death of the insured was made a condition precedent to the liability of the defendant. But by the policy it does not appear that the beneficiary of the insurance was to do anything more in that respect than to furnish to the defendant satisfactory proofs of death of the insured, upon the acceptance of which, and upon the conditions referred to in the policy, the defendant undertook to pay the amount of the insurance, so that it was not essential to such proofs, to represent his condition or medical treatment preceding the time of his death. It must be assumed that the certificate was put in evidence by the plaintiff, as it appears in the record after the case was opened on her part and before she rested; and in that view those statements of the physician were made evidence and tended to prove that the answers before mentioned of the insured to the questions of the medical examiner were untrue so far as they related to the time he had been last attended by a physician for medical treatment.

(*Insurance Company* v. *Newton*, 22 Wall. 32; *Buffalo L. T. & S. D. Co.* v. *Knights T. & M. M. A. Assn.*, 126 N. Y. 450.)

The fact that the defendant would not have been permitted to introduce in evidence this declaration of the physician appearing in the certificate, is not important for the purposes of the question here presented, as the certificate was made evidence by the plaintiff without, so for as appears, any qualification.

If, as claimed by the plaintiff's counsel, the blank certificate was furnished by the company, it is not seen how that fact aids the plaintiff on this review.

The court was requested by the defendant's counsel to charge the jury that this statement of the doctor in the proofs of death, was to be taken into consideration by them. And the exception to the refusal to so charge was well taken.

For that error the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except HAIGHT and BROWN, JJ., not sitting.

Judgment reversed.