CURTIS *v.* WHEELER & WILSON MANUF'G CO.

*(Supreme Court, General Term, First Department.   June 29, 1892.)*

REVIEW ON APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where no exception is taken to the direction by the court of a verdict for defendant, such ruling cannot be reviewed on appeal.

Exceptions from circuit court, New York county.

Action by George W. Curtis against the Wheeler & Wilson Manufacturing Company for money due under an alleged contract. Complaint was dismissed, and plaintiff moved for a new trial, which was ordered to be heard on exceptions in the first instance at general term. Denied.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Howard A. Sperry,* (*Henry Cooper,* of counsel,) for the motion.   *W. H. Williams,* (*Miron Winslow,* of counsel,) opposed.

VAN BRUNT, P. J. This action was brought to recover upon an alleged contract. The contract was denied by the answer, and the issues thus raised came on for trial at a circuit court. Upon the close of the plaintiff's evidence the defendant requested the court to direct a verdict in favor of the defendant, which motion was granted, and an order was made directing the exceptions to be heard in the first instance at the general term. The only question which was argued upon the motion for new trial before this court was as to the correctness of the decision of the court at circuit directing a verdict in favor of the defendant, it being claimed upon the part of the plaintiff that there was evidence which should have gone to the jury. It is to be observed that upon this record no such question can be presented. There was no exception to the direction of a verdict by the court, and consequently the correctness of that ruling was not brought up by the motion. But, even if there had been an exception, we do not see that the plaintiff has strengthened his case in any manner upon the second trial. When this case was before this court upon a previous appeal, (16 N. Y. Supp. 48,) it was held that the verdict of the jury was against the weight of evidence, and new trial was granted. The evidence presented now is stronger for the defendant than it was then, and we see no reason whatever for interfering with the conclusion arrived at by the general term upon the previous appeal. We think, therefore, that the exceptions should be overruled, and that the defendant is entitled to judgment upon the verdict with costs. All concur.