(6 Misc. Rep. 540.)

### MARINE v. PEYSER et al.

(City Court of New York, General Term. January 18, 1894.)

NEGOTIABLE INSTRUMENTS—ACTIONS—DIRECTING VERDICT.
     A direction of a verdict for plaintiff will be reversed where defendant's evidence that the note sued on was accommodation paper, and had been diverted from the purpose for which it was intended, is not contradicted, and plaintiff does not give any evidence that he was a bona fide holder. Newburger, J., dissenting.

Appeal from trial term.

Action by Arlando Marine against Simon Peyser and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FIZSIMONS, NEWBURGER, and McCARTHY, JJ.

Fromme Bros., for appellants.
Ormiston & Dorsett, for respondent.

McCARTHY, J. This is an appeal by the defendants Peyser, Eisenberg, and Wolfe from a judgment rendered against them in favor of plaintiff upon a verdict given by direction of the court. The action is brought to recover upon a promissory note of $1,000 and interest, and the complaint alleges, in substance, the making of the note by Peyser, and delivery thereof by him to one Dempsey & Smith, named as defendants herein, and their delivery thereof to Eisenberg, and his to Wolfe, and thereafter by mesne indorsements to plaintiff. The action was defended by Peyser, Eisenberg, and Wolfe, and their answers, in substance, admit the making of the note, but put in issue the other material allegations of the complaint. They allege that the note was given without consideration, and deny that it was indorsed and delivered by Dempsey & Smith to Eisenberg, and then by him to Wolfe; but allege that the note was purely an accommodation note, and the indorsements purely accommodation indorsements, with the use of said note restricted to a special purpose, to wit, to enable Dempsey & Smith to procure discount thereof to raise money wherewith to be enabled to carry on certain work, and for no other purpose. But that, after procuring the note and indorsements in this way, Dempsey & Smith diverted the same fraudulently from the purposes for which it was given, and passed the same in payment of, or as security for, a precedent indebtedness of them to the plaintiff, of all of which plaintiff had knowledge. On the trial these appellants claimed and were conceded the affirmative, and established the following facts: That Dempsey & Smith were contractors, and had contracted to do certain stonework on buildings in which the appellants were interested; and upon performing such work in the manner provided for in agreement, Exhibit A, between them and Peyser, would be entitled to certain payments, and at certain times, and under certain conditions. That at the time of the giving of the note in suit there was nothing due or payable Dempsey & Smith, they not having done their work, and not being able to prosecute the same, by reason of their financial embarrassment; and that, admitting their inability, and without being entitled to any payment, they requested and "begged" the note in suit and some cash upon their promise that they would raise money on the note, and thus be enabled to prosecute the work. That upon the express understanding that the note was thus to be used, solely for the purpose of enabling Dempsey & Smith to raise money on it, the note and indorsements were given. That, instead of using the note for such agreed purposes, Dempsey & Smith fraudulently diverted the same, and gave it for an old debt to the plaintiff. It further appeared that the note was indorsed by Eisenberg and Wolfe before its delivery to Dempsey & Smith. On cross-examination of Wolfe the plaintiff offered in evidence Exhibit B, which was an agreement upon the part of the defendant Wolfe to indorse notes specified in the original agreement with Dempsey & Smith, but in nowise altered the conditions of the said original agreement, still holding Dempsey & Smith to their performance of the contract, and even requiring them to furnish a bond for such faithful per-

formance; and this agreement established beyond doubt corroboration of defendants' contention that Dempsey & Smith were not doing their work.

The plaintiff offered no evidence whatever, and moved for a direction in his favor upon the ground of this last-mentioned agreement to indorse notes, but which simply required additional indorsement when Dempsey & Smith became entitled to a payment. No proof in contravention of defendants' testimony was offered, nor did the plaintiff attempt to show that he was a bona fide holder. The court granted the motion, and directed the verdict, to which exception was taken, as also to the refusal of the court to grant defendants' request to go to the jury.

We think the trial justice erred in directing a verdict in this case. A case must be clear and certain in order to sustain a direction of a verdict by the court. It is easy to move for such direction, and in hurry, excitement, and mass of evidence received at the trial, the justice, relying on his own recollection, must also depend considerably on the statement of counsel as to the facts presented. It is therefore dangerous for counsel to urge a direction, unless the case is clear and unquestionable; for when the facts are uncertain, or there is a conflict in the evidence, the question must be submitted to the jury, (Potts v. Mayer, 74 N. Y. 595,) and this seems clearly so in the case at bar. There was sufficient evidence of the cause, manner, condition, and purpose for which the note was given, and of its diversion therefrom, and the application to another and entirely different purpose, to have put the plaintiff to the proof of his good faith, and that he was a bona fide holder for value before maturity, or without notice; and in such a case the burden is always on the plaintiff. See Nickerson v. Ruger, 76 N. Y. 279, 282; Bank v. Noxon, 45 N. Y. 762, 765. The law in such a case as this is fully discussed by Ruger, C. J., in Bank v. Diefendorf, 123 N. Y. 191, 202, 204–206, 25 N. E. 402. As the evidence stood, it was shown that the plaintiff received it for a back debt, and did not release or relinquish any legal right or security he had, and that shortly after he had notice of the conditions and purpose for which the note was given, and therefore the plaintiff was not entitled to recover. Allen, J., in Comstock v. Hier, 73 N. Y. 273, says:

"When a bill or note is void in its creation, or has been unduly obtained, or has been wrongfully diverted from its purposes, and fraudulently negotiated, the party suing on it is bound to show himself a bona fide possessor. The affirmative is with the plaintiff in an action upon such a note to prove a clear, legal title as against the parties to the instrument. Woodhull v. Holmes, 10 Johns. 231. One who receives it after due, or with notice of the circumstances under and purposes for which it was made, although he pays a valuable consideration, is not a bona fide holder, entitled to recover thereon. One who receives it before due and without notice or knowledge of any fraud in its inception or transfer, but for a precedent debt, and without parting with value or any valuable consideration, does not acquire a valid title to the note or bill, but takes it subject to all its infirmities, precisely as if he had taken it after dishonor, or with knowledge of all the circumstances affecting its validity."

See, also, Bank v. Franklin, 55 N. Y. 235.

The evidence of an action being brought against these defendants by the New England Brown Stone Company was material on the question of the bona fides of the plaintiff, and should have been received. It could not be set up as a defense of the pending of another action, because it was not between the same parties, but, it seems to us, could be raised under the issues of bona fides. Under all the circumstances it was the duty of the court to submit the questions to the jury, in order that they might determine whether the note was diverted, as the defendants alleged, and, if so, to what extent the plaintiff had paid value for it; for only to that extent could the plaintiff recover, and not for that even if the defendants could affect him with notice. For these reasons the judgment should be reversed, and new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, J., concurs.

NEWBURGER, J., (dissenting.) This action is brought on a promissory note made by the defendant Peyser to the order of Dempsey & Smith, and indorsed by them and the defendants Eisenberg and Wolfe and by the Malone Stone Company, and held by the plaintiff. The defendants Peyser and Eisenberg put in separate answers, which admitted the making and indorsing of the note, but alleged that the said note was obtained by Dempsey & Smith, and that they fraudulently diverted the same. Upon the trial the defendants held the affirmative, and at the close of their testimony plaintiff's counsel moved for the direction of a verdict in his favor, and the motion was granted, and a verdict directed accordingly; and this appeal is taken from the judgment entered upon said verdict, and from the order denying defendants' motion for a new trial. The evidence clearly shows that the note was given and indorsed pursuant to the terms of a contract between the defendant Peyser and Dempsey & Smith, which contract was for certain labor to be performed and materials to be furnished by Dempsey & Smith to the defendant Peyser in the building of certain houses in this city, and the services so rendered and materials furnished were to be paid in certain installments. The note was given as required by the terms of the contract; and the claim that Peyser was induced to make the note by the promise that the work that might prove defective should be remedied was not borne out by the testimony, nor would it warrant this court in holding it to be a diversion of the note in suit. The trial justice was justified in directing a verdict for the plaintiff. There are no exceptions in the case that would warrant us in disturbing the rulings of the trial justice. Judgment and order appealed from affirmed, with costs.