(7 Misc. Rep. 682.)

OLSEN v. ENSIGN.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. WITNESS—CREDIBILITY—PARTY TO ACTION.
    The testimony of a party to an action in his own behalf may be disregarded, though it is uncontradicted.

2. NEGOTIABLE INSTRUMENTS—BURDEN OF PROVING CONSIDERATION.
    In New York it is a presumption of law that a promissory note is given for a valid consideration.

Appeal from third district court.

Action by Lewis A. Olsen against Andrew J. Ensign on a promissory note. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Andrew J. Ensign, in pro. per.

Ellison Crawford, for respondent.

BISCHOFF, J.   To action upon a promissory note brought by a transferee after maturity the defense is that no consideration was given for the promise.   That the plaintiff, being the assignee of an overdue debt, holds the same subject to all the equities existing between the original parties is the settled law (Littlefield v. Bank, 97 N. Y. 581), and the defense in question might well prevail, if properly established.   Plaintiff proved the due assignment of the note, without contradiction, and, in the absence of affirmative proof to the contrary, it is presumed that such assignment rests upon sufficient consideration.   Donnelly v. Deering, 24 N. Y. Wkly. Dig. 18; Belden v. Meeker, 47 N. Y. 307.   The evidence in support of the defense consists of the testimony of the defendant alone, and is to the effect that the note in suit was sent to the payee, one Dr. Wedekind, for discount merely, and that nothing was received by the defendant in the way of consideration.   The plaintiff's evidence consists of certain letters written by the defendant to Dr. Wedekind, and also the latter's testimony, taken by commission in the state of California, which testimony is of little or no value as affirmative proof upon this issue, being in a great measure a denial of recollection as to the precise points sought to be elicited by the interrogatories.   From a judgment in the plaintiff's favor the defendant appeals upon the ground that the decision of the justice is against the weight of the evidence.   No exceptions for the appellant appear upon the record, and therefore this ground alone requires attention.

It is true that the decision as rendered involves a disregard of the defendant's testimony, but the testimony of a party in his own behalf is not conclusive, and the court is not bound, as matter of law, to regard it, although it be uncontradicted.   Kearney v. Mayor, etc., 92 N. Y. 617; Dean v. Van Nostrand, 23 N. Y. Wkly. Dig. 97; Wolf v. Farley (Com. Pl. N. Y.) 16 N. Y. Supp. 168; Wilson v. Improvement Co., 4 Misc. Rep. 605, 24 N. Y. Supp. 557.   While it is not the province of the appellate court to review the finding of the court below as to the credibility of a witness (Quincey v. Young, 5 Daly, 335), we find certain statements in the defendant's testimony which would justify in themselves the finding here made.   The witness' denial of the existence of any indebtedness to Wedekind at the date when one of the letters in evidence was written to the latter by such witness, promising to pay a certain debt for which he there confessedly assumed responsibility, most seriously affects his credibility (O'Brien v. McManus, 13 Daly, 37), and the value of his testimony is not enhanced by the following extract from his cross-examination.   Counsel for plaintiff, in questioning defendant as to the cross interrogatories prepared by him for the examination of the witness Wedekind by commission, asked as below:

"Q. You asked, 'Do you remember having a conversation with said Ensign at your study in the church on Christopher street, and that you then said to Ensign that you hadn't the money to discount any note for him, and that you were sorry you could not let him have $200?' A. Yes, sir.   Q. What did he say in reply?   A. 'I don't remember any such conversation.'   Q. You did have a conversation with him in his study?   A. I don't know that I did.   I can ask any questions I am a mind to."

As to the plaintiff's evidence, in the form of the testimony of Dr. Wedekind, it cannot be said to establish affirmatively the existence of a consideration for the note in suit, but no inherent contradictions therein appear, and it may well be read as showing that the deponent had not sufficient recollection as to the exact circumstances of the transaction to enable him to give direct answer consistently with truth.

The judgment, however, does not of necessity rest upon this testimony alone.   That a promissory note is given for a valid, legal consideration is the presumption of law in this state, and the burden of attacking it must be sustained by the defendant.   Bottum v. Scott, 11 N. Y. St. Rep. 514; Anthony v. Harrison, 14 Hun, 215; affirmed 74 N. Y. 613; 1 Pars. Bills & N. c. 6, § 1.   That this burden has not been successfully sustained the justice below has determined, and that this determination was authorized has been shown above. Judgment affirmed, with costs.