### DETERMINED IN THE

# SECOND DEPARTMENT

### AT

# GENERAL TERM,

## 𝔉𝖊𝖇𝖗𝖚𝖆𝖗𝖞, 1895.

---

GEORGE ALGER, Appellant, *v.* THE METROPOLITAN LIFE INSURANCE
COMPANY, Respondent.

*Application for life insurance — errors therein, made and written down by the
examiner, are not chargeable to the assured.*

Upon the trial of an action brought to recover the amount of a policy of life
insurance, it was shown that the printed application for insurance contained an
inquiry whether any relative of the assured had died of consumption or any
pulmonary disease, to which the answer in the handwriting of the insurer's
medical examiner was "No;" it further appeared that the brother of the
assured had died of pneumonia twenty years prior to the trial of the action,
and that when the medical examiner questioned the assured at the time of the
application for the policy she replied that she did not know of what disease
her brother had died.

*Held,* that the duty of the assured consisted in truthfully answering the questions
propounded to her, and that she was not chargeable with the mistake of the
examiner in writing them down.

BROWN, P. J., dissenting.

APPEAL by the plaintiff, George Alger, from a judgment of the
County Court of Kings county in favor of the defendant, entered
in the office of the clerk of the county of Kings on the 7th day of
March, 1894, upon the verdict of a jury rendered by direction of
the court dismissing the plaintiff's complaint upon the merits, and
also from an order entered in said clerk's office on the 7th day of
March, 1894, denying the plaintiff's motion for a new trial made
upon the minutes.

*Roswell H. Carpenter*, for the appellant.

*C. N. Bovee*, for the respondent.

PRATT, J.:

The printed application for insurance contained the inquiry whether any relative had died of consumption or any pulmonary disease, and the answer in the handwriting of defendant's medical examiner was "No."

It is now stated that twenty years ago the brother of the insured died of pneumonia, on which ground the plaintiff was nonsuited. Evidence was given to the effect that when the examiner questioned the applicant she replied that she did not know of what disease her brother died. The examiner, to whom defendant had confided the duty of making the inquiries, wrote down the answer, doubtless with honest intention, for the form of the question was such as to direct the mind especially to consumption, and when the sister stated that she did not know of what disease the brother died, the examiner may well have supposed that had he died of a lingering disease like consumption, the sister would have known the fact. But whether the mistake of the examiner was in a measure excusable or not, the applicant was not chargeable with the error. Her duty consisted in truthfully answering the questions propounded. Very few applicants for insurance possess sufficient knowledge of medical terms to correctly formulate answers to the interrogations. (*Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *O'Brien* v. *Co.*, 117 N. Y. 310; *Flynn* v. *Co.*, 15 Hun, 521.) That is the business of the examiner. The applicant must necessarily rely upon him to do that properly. In the class of people for whom the industrial insurance of defendant is carried on, it is doubtful if one in twenty would know that pneumonia is a pulmonary disease.

Judgment reversed and new trial ordered, costs to abide event.

DYKMAN, J., concurred.

BROWN, P. J. (dissenting):

This action was brought to recover upon a policy of insurance issued by the defendant upon the life of Lucy E. Dalton.

The written application for the insurance which, by the terms of the policy, was made a part of the contract, and the answers and

representations therein warranted by the insured to be strictly correct and wholly true, contained the following question: "Did Parents, Grandparents, Brothers, Sisters, Uncles or Aunts ever have Consumption or any Pulmonary * * * disease?" To this question the answer given was "No."

It appeared from the proofs of loss, made and certified to by the plaintiff and delivered by him to the defendant, that the insured's brother died of pneumonia.

The policy further provided that it should be void if any of the representations upon which it was issued should be untrue.

At the close of the plaintiff's case the court directed a verdict for the defendant, and from the judgment entered thereon plaintiff has appealed.

Courts take judicial notice of the meaning of words and phrases and of such matters of common knowledge and science as are known to persons of ordinary understanding and intelligence.

No evidence was necessary, therefore, to define the meaning of the word "pulmonary" or the character of the disease called "pneumonia." It was permissible for the court to take notice that the brother of the insured had died of a pulmonary disease.

The statement contained in the proofs of loss that the brother of the insured had died of pneumonia, in the absence of any other evidence upon the subject, conclusively established a breach of the condition of the policy. (*Helwig* v. *Mutual Life Ins. Co.*, 132 N. Y. 331; *Lund* v. *Masonic Life Association*, 81 Hun, 287.)

The appellant contends that it was error for the court to compel him to introduce the application for the insurance as a part of his case.

We do not consider this exception a material one. The evidence is now before the court, and it is apparent that the plaintiff cannot recover in any event. It is of no importance, therefore, which party put in the application.

The statements therein were warranties and their untruth rendered the policy void.

The judgment must be affirmed, with costs.

Judgment reversed and new trial granted, costs to abide event.