(14 Misc. Rep. 563.)

### KANTROWITZ v. LEVIN et al.

(Common Pleas of New York City and County, General Term.  December 2, 1895.)

TRIAL—REQUEST TO DIRECT VERDICT—WAIVER OF TRIAL BY JURY.

   Defendant's right to have disputed facts submitted to the jury is not waived by his motion to dismiss the complaint and have a verdict directed in his favor, where it is followed by due exceptions to the court's direction of a verdict for plaintiff, and by a request to have the facts submitted.

Appeal from city court, general term.

Action by Jacob Kantrowitz against Isaac Levin and Hyman Levin, copartners under the firm name of H. & I. Levin, on two promissory notes for $600 each, made and issued by defendant Hyman Levin in the firm name.  The defense ·was that the notes were severally issued, without consideration, to the firm, and that they were taken and accepted by plaintiff for the personal indebtedness of said Hyman Levin, and not in the course of or for the purpose of the partnership business, which was that of manufacturing and selling clothing.`  From a judgment of the city court (34 N. Y. Supp. 452) affirming a judgment entered on a verdict in favor of plaintiff, defendant Isaac Levin appeals.  Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

A. H. Berrick, for appellant.

M. D. Steuer, for respondent.

BISCHOFF, J.  That the notes were genuine was not disputed upon the trial, and it is well settled that every member ·of a firm engaged in commerce or trade has implied or apparent authority to borrow money in the firm's name, and to issue its promissory note, or other obligation, for the payment thereof (17 Am. & Eng. Enc. Law, pp. 993, 1015, 1017, 1018;  Bank v. De Puy, 17 Wend. 47);  that the lender may rely upon such implied or apparent authority in the absence of knowledge on his part that the borrowing partner's authority is restricted, or that the money is not borrowed for partnership purposes, or for the use of the firm (Miller v. Manice, 6 Hill, 114;  Livingston v. Roosevelt, 4 Johns. 251;  Bank v. Underhill, 102 N. Y. 336, 7 N. E. 293;  17 Am. & Eng. Enc. Law, p. 995);  that all the partners are liable notwithstanding the money was appropriated by the borrowing partner to his own use (Church v. Sparrow, 5 Wend. 223);  that a promissory note given by one of several partners in the name of the firm is of itself presumptive evidence of the existence of a partnership debt;  and that, if the other partners seek to avoid its payment, the burden of proof lies upon them to show either that the note was given without any consideration whatever, or that it was given in a matter not relating to the partnership business, or in violation of the borrowing partner's actual authority, and that the payee knew the fact, as the case may be, or was put upon reasonable inquiry concerning it (Whitaker v. Brown, 16 Wend. 505;  Bank v. Underhill, supra).  The cause was tried with proper observance of the rules stated.  Nevertheless we are required to reverse the judg-

ment.    Only the appellant defended the action, and when both sides had concluded the introduction of evidence upon the trial there was a conflict with regard to whether or not the firm was indebted to the plaintiff.    The plaintiff's testimony that he had advanced and paid to the borrowing partner the face value of each note, and that of the plaintiff's witness, Kuchelewitz, that he was present on a particular occasion when the appellant's partner applied to the plaintiff for money, saying: "There are $600 due me already.    I am taking the money to keep.    I am taking it in business.    You don't need to be afraid of me.    I will pay you all together,"—and that he saw the plaintiff give such partner some money in exchange for a note; as well as the presumption of the firm's indebtedness, which arose from the production of the notes in evidence,—were combated by the appellant's affidavit, made upon a motion in the action, and allowed in evidence at the plaintiff's instance (Helwig v. Insurance Co., 132 N. Y. 331, 30 N. E. 834), which was to the effect that the appellant's firm never received any money from the plaintiff, and was not otherwise indebted to the latter; and by the appellant's testimony as a witness in his own behalf, of like purport with his affidavit.    Kuchelewitz's testimony, quoted above, neither identified time, place, nor the note alluded to.    Its relevancy, therefore, was not apparent, and thus the fact that the plaintiff, at the time when the notes were severally issued to him, advanced anything of value upon the faith thereof remained, substantially, to be ascertained from the plaintiff's testimony, which, being that of a party interested in the event of the action, was subject to discredit on that account, although it was not otherwise impeached.    Olsen v. Ensign, 7 Misc. Rep. 682, 28 N. Y. Supp. 38; Brown v. Sullivan, 1 Misc. Rep. 161, 20 N. Y. Supp. 634; Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402.    The defendant (appellant), therefore, was entitled to have the facts in issue, and required in support of the plaintiff's right of recovery, viz. that the loans were actually made, that they were made to the firm, or that the firm shared in the avails thereof, submitted to the jury for their determination, unless the right to such submission was waived. True, the defendant (appellant) asked to have the complaint dismissed, and that a verdict be directed in his favor.    Such motions, in the absence of circumstances from which the contrary appears or may be inferred, authorize the trial court to determine the facts as well as the law.    Kirtz v. Peck, 113 N. Y. 222, 21 N. E. 130; *Gregory v. Mayor, etc.,* 113 N. Y. 416, 21 N. E. 119.    In the case at bar, however, the defendant (appellant) promptly, upon the court's direction of a verdict for the plaintiff, took exception, and requested that the disputed facts be submitted to the jury.    The exception taken to the denial of the last-mentioned request presents error.    Koehler v. Adler, 78 N. Y. 287, 290.

Judgments of the general and trial terms of the court below reversed, and new trial ordered, with costs to the appellant to abide the event.    All concur.