(27 Misc. Rep. 836.)

### G. H. HAULENBECK ADVERTISING AGENCY v. NOVEMBER et al.

(City Court of New York, General Term.  May, 1899.)

1. PARTNERSHIP—CONTRACT BY ONE PARTNER—SCOPE OF AUTHORITY.
   In an action against a partnership on a contract executed by one of its members, it is competent to show that such member acted without the scope of his authority as a partner, and hence did not bind the other members.

2. SAME—NOTICE TO OTHER PARTY.
   Where a partner executes a contract without the scope of his authority, and the other party has notice of such fact, he binds himself only, and not the other members of the firm.

3. SAME—QUESTION FOR JURY.
   Where evidence to prove that a contract executed by a partner was within the scope of his authority, or that the other members of the firm consented thereto, is conflicting, the question of the scope of the partner's authority, or consent of the other members, must be left to the jury.

4. TRIAL—DIRECTION OF VERDICT.
   A case must be clear and certain to sustain a direction of a verdict; and, when there is a conflict of evidence, the case must be submitted to the jury.

Appeal from trial term.

Action by G. H. Haulenbeck Advertising Agency against Moses November and Samuel November, impleaded.  There was a judgment for plaintiff, and defendants appeal.  Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and HAS-CALL, JJ.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for appellants.
Edwards & Bryan (Duncan Alwarts, of counsel), for respondent.

McCARTHY, J.  The trial was somewhat peculiar, and therefore it was important to prove the authority of Mr. Berger to bind the other members of his firm in any matter not directly within the line and scope of the partnership business.  It is conceded that the contract, which was in writing, is made between the plaintiff and the American Cloak & Suit Company, per Emil Berger, and was written on the letter head of the firm, and was signed at plaintiff's office.  It was attempted to be shown by the appellants that when Emil Berger signed the within contract he acted entirely without the scope of his authority as a partner, and could not and did not bind the other defendants.  This they clearly had a right to prove, but it was objected to, and sustained, and they were thus prevented from showing the same.  It was the most essential thing to be proved at the trial; for, if this was done without the consent of the firm, and with notice to the plaintiff that any act done by Berger in this matter was without the scope of his authority, he could only bind himself, and not the other members of the firm.  See Kantrowitz v. Levin, 14 Misc. Rep. 563, 35 N. Y. Supp. 1072.  After notice of one of the partners to a third person, all contracts thereafter made by the partners must be shown to be within the scope of the authority of the partnership, or must have the consent of all the partners thereto, or they shall be repudiated.  It is necessary to prove the scope of the authority or the consent of the other members of the firm, and, where the evidence

is conflicting, and not positive, it must be left to the jury to say from the evidence presented what were the facts in regard thereto. There can be no doubt that this case was decidedly one for the jury, and that a verdict was erroneously directed in plaintiff's favor. Koehler v. Adler, 78 N. Y. 287; Kantrowitz v. Levin, 14 Misc. Rep. 563–566, 35 N. Y. Supp. 1072.

A case must be clear and certain in order to sustain a direction of a verdict by the court. It is easy to move for such direction; and in the hurry, excitement, and mass of evidence at a trial the justice must not only rely on his own recollection, but must also depend considerably on the statement of counsel as to the facts presented. It is, therefore, dangerous for counsel to urge a direction of a verdict unless the case is clear and unquestionable; for when the facts are uncertain, or there is a conflict of evidence, the questions must be submitted to a jury. Marine v. Peyser, 6 Misc. Rep. 540, 27 N. Y. Supp. 226; Potts v. Mayer, 74 N. Y. 595. Without going any further, we think, while there are other errors in this, sufficient has been shown already. The judgment is therefore reversed, and a new trial granted herein, with costs to appellants to abide event.

Judgment reversed, and new trial granted, with costs to appellants to abide event. All concur.