## DAMERSON v. McCLAREN.

No. 983.    Opinion Filed July 11, 1911.

(116 Pac. 792.)

1.    **REPLEVIN—Issue of Fact—Question for Jury.** Replevin is strictly a possessory action for the recovery of personal property, and where there is any evidence adduced at the trial reasonably tending to join an issue of fact on the question of the right of possession, or where the facts are uncertain, the question must be submitted to the jury.

2.    **TRIAL—Directing Verdict.** A case must be clear and certain in order to sustain a direction of a verdict by the court.

(Syllabus by the Court.)

*Error from Muskogee County Court; W. C. Jackson, Judge.*

Action by A. L. Damerson against J. K. McClaren. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. D. Halfhill,* for plaintiff in error.

KANE, J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover possession of 30 tons of hay in stack, situated on certain lands in Muskogee county. The cause was commenced before a justice of the peace, where a trial resulted in a judgment for the plaintiff, from which the defendant appealed to the county court. In the county court, after the evidence was all in, the court directed the jury to return a verdict for the defendant, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The principal assignment of error relied upon by counsel for

plaintiff in error is that the court erred in directing the verdict for the defendant. We think the contention of counsel ought to be sustained. Neither the motion to direct nor the order of the court 'directing the verdict specifies the particular ground or grounds upon which the order was made, and, as there is no brief on behalf of the defendant in error, this court· is guided largely by the very full brief of counsel for plaintiff in error and the statements and authorities contained therein. These fully bear out his contention. Replevin is strictly a possessory action for the recovery of personal property, and we think there was sufficient evidence adduced at the trial to raise an issue of fact as to the right of possession of the property involved.

"A case must be clear and certain in order to sustain a direction of a verdict by the court. It is easy to move for such direction, and in the hurry, excitement, and mass of evidence received at the trial, the justice, relying on his own recollection, must .also depend considerably on the statement of counsel as to the facts presented. It is therefore dangerous for counsel to urge a direction, unless the case is clear and unquestionable; for when the facts are uncertain, or there is conflict in the evidence, the question must be submitted to the jury." (*Marine v. Peyser et al.,* 6 Misc. Rep. 540, 27 N. Y. Supp. 226.)

The judgment of the court below must be reversed, and the cause remanded, with directions to grant a new trial.

TURNER, C. J., and WILLIAMS, J., concur; DUNN and HAYES, JJ., absent and not participating.