LAURETTA P. INGRAHAM, Claimant. *v.* STATE OF NEW YORK. Defendant. (Claim No. 29780.) FRANK INGRAHAM, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29781.)

Court of Claims, May 15, 1951.

*Michael Nardone* for claimants.

*Nathaniel L. Goldstein, Attorney-General (James G. Austin* of counsel), for defendant.

YOUNG, J. The chain of events leading up to these claims started when inventories made at the Wallace Company department store of Poughkeepsie, New York, disclosed an unusual amount of merchandise missing and it was suspected that thefts, particularly of cigarettes, were taking place. The manager of the store set a trap by marking certain packages of cigarettes with pinholes and, every night at closing time, the candy counter, in which the cigarettes were kept, was lightly taped closed so that any opening of it would be indicated. It was thereafter discovered that thefts took place only on those nights on which claimant Frank Ingraham was on duty in the store as night watchman. The store manager reported this to William Owens, a Poughkeepsie police detective. This was on April 15, 1949.

The events of that day, of which the above is merely a prelude, culminated when two Poughkeepsie detectives, accompanied by a State trooper, paid a visit to the night watchman's home where his wife, claimant Lauretta Ingraham, was alone at the time. At the invitation of Mrs. Ingraham the officers entered the house, and with her consent, went through it, gathering up various articles of dry goods and home furnishings which they carried off with them to Poughkeepsie. The various articles were shown to the store manager for identification and on the same day returned to the Ingraham home.

This much of the story of the happenings of that day is for the most part conceded, but it is the remainder that gives rise to the causes of action alleged by the claimants, to wit: unlawful entry, conversion, false arrest, negligence and slander. It is this remainder as testified to by the claimants that the State's witnesses contradict and hence the question before the court is one of credibility. Perforce, if the State's witnesses are to be believed, the claims must be dismissed.

The weight to be given claimants' testimony must be viewed in light of the fact that Frank Ingraham on April 15th signed

an affidavit which stated, in substance, that he had " stolen " cigarettes on April 10th and 15th and that from time to time in the past he had taken cigarettes. He stated, " I knew I was doing wrong when I was taking these cigarettes without having permission from anyone to do so ".

Claimant Frank Ingraham confessed to the wrongdoing which gave rise to the chain of events leading to these claims. All of the salient features of the claimants' testimony were contradicted. Of the two versions, the State's is the more probable. Thus the court is led to the opinion that the testimony given by the claimants is not credible. (*Koehler* v. *Adler,* 78 N. Y. 287; *Ferris* v. *Sterling,* 214 N. Y. 249; *Boyd* v. *Colt,* 20 How. Prac. 384.)

The claims must be dismissed.