### WOLF v. FARLEY et al.

*(Common Pleas of New York City and County, Additional General Term.*
November 4, 1891.)

1. EXEMPTIONS—AGGREGATE OF EXEMPT AND NON-EXEMPT ARTICLES—EXCESS OF $250.
  In an action to recover property taken on execution, claimed as exempt from levy, it appeared that the property was a wagon, and that claimant, an expressman, having a family dependent upon him, used it in the support of his family, and that its value, together with all other exempt personal property owned by plaintiff, was less than $250. *Held,* that claimant was entitled to claim the wagon as exempt under Code Civil Proc. N. Y. § 1391, which exempts from levy, in such case, the necessary household furniture, working tools, and team, professional instruments, etc., of the debtor, not exceeding $250 in value, though claimant was possessed of means not exempt, which, together with the exempt property, exceeded the sum of $250 in value.

2. EVIDENCE—TESTIMONY OF PARTY—SUFFICIENCY OF DENIAL.
  Defendant (officer) stated that at the time of levy plaintiff denied ownership of the wagon, claiming that it belonged to his wife. Plaintiff testified that he had no conversation with defendant at the time of levy, and did not remember having stated to defendant that he did not own the wagon. *Held,* that plaintiff's testimony was a sufficient denial of his alleged statement to defendant to justify an appellate court in assuming that the trial justice acted upon such denial in discrediting defendant's statement.

3. EXEMPTIONS—NON-USER OF ARTICLE CLAIMED.
  Where a debtor is entitled to claim a wagon, necessary in earning a support for himself and family, as exempt from levy, his right to the exemption will not be affected by the fact that at the time of levy the wagon had been for six weeks at a shop awaiting repairs, claimant in the mean while using a borrowed wagon.

4. REPLEVIN—JUDGMENT FOR ALTERNATIVE VALUE.
  In an action to recover a wagon as exempt from levy, the trial justice erred in failing to render judgment for plaintiff in the alternative in case possession of the wagon could not be had.

Appeal from seventh district court.

Action by Abraham Wolf, plaintiff, against Charles A. Farley and others, defendants, to recover a wagon, claimed as exempt from levy. From a judgment for plaintiff, defendants appeal.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Ezekiel Fixman,* for appellants. *H. Steinert,* for respondent.

BISCHOFF, J. This action was brought to recover a wagon claimed to be exempt from levy and sale, and seized by the defendant Farley, a city marshal, under an execution directed to him, issued upon a judgment recovered by his co-defendants and indemnitors against the plaintiff. No question arose upon the trial concerning the recovery of the judgment, the issue of execution thereon, the seizure of the wagon thereunder, and service, before the sale, on the marshal of a notice by the plaintiff, claiming the property as exempt, and demanding its return; these facts being conceded. The defendants limited their defense to the contentions now urged for reversal, to-wit, that the evidence was insufficient to show the wagon to be exempt by law, and that because of plaintiff's alleged denial of ownership at the time of the

levy he was precluded from subsequently asserting the same, and claiming the wagon to be exempt. The trial justice rendered judgment for the plaintiff, and, except in the irregularity hereinafter pointed out, we can discover no error in his conclusion. It appeared in evidence that the plaintiff was a married man, having a family consisting of his wife and three children, with whom he resided, and who were dependent upon him for support; that his avocation was that of an expressman or carrier of parcels and packages, necessarily requiring the use of a wagon and horses; that his earnings derived from that avocation were needed in, and applied by him towards, the support of his family; that the necessary household furniture owned by him did not exceed in value $50; that the horses owned by him and used in his calling were worth $90, and the wagon seized $75; that he owned no other wagon or horses. The aggregate value of the household furniture, horses, and wagon was thus shown to be much below the sum of $250. Pursuant to section 1391 of the Code of Civil Procedure as amended in 1879, the necessary household furniture, working tools, and team, professional instruments, furniture, and library, not exceeding in value $250, are exempt from levy and sale by virtue of an execution, when owned by a person being a householder, or having a family for which he provides; and, as this provision of the Code is in all respects an express re-enactment of the exemption laws of 1842 as amended in 1859, the interpretation of the former statutes by the court of last resort is apposite to the provisions of the Code re-enacting the same. In *Wilcox* v. *Hawley*, 31 N. Y. 648, 653, 656, 658, the decision wherein was predicated upon the Laws of 1842 as amended in 1859, it was held that the word "necessary," as used in the statute, applies only to the household furniture, and qualifies the extent to which that is exempt, and that to establish his right to claim the exemption it was not required of a person shown to be a householder, and having a family dependent upon him for support, to prove anything beyond the fact that the necessary household furniture and the team owned and possessed by him did not exceed in value the sum of $250, and that it was immaterial whether the person claiming the exemption is possessed of other means which, with the property claimed to be exempt, exceeded the statutory limit. Applying this ruling to the evidence in the case at bar, the plaintiff must be deemed to have established the fact that the wagon, of the possession of which he was deprived, was at the time of its seizure exempt; a wagon or vehicle to which the plaintiff's horse or horses were ordinarily attached being a part and parcel of the "team," within the meaning of the statute. *Brown* v. *Davis*, 9 Hun, 44; *Wilcox* v. *Hawley*, above cited. Whether or not the plaintiff is precluded from claiming the wagon as exempt because of his alleged denial of ownership thereof at the time of its seizure is a question which cannot arise in this case, since the defendants are in error in contending that the evidence relied upon by the defendants to establish the fact of plaintiff's denial of ownership is unchallenged, and we therefore refrain from discussing it.

The defendant Farley testified that at the time of his seizure of the wagon the plaintiff stated to him that it belonged to his wife, and in answer to this testimony the plaintiff stated upon cross-examination by defendants' counsel that he had no conversation with Farley at the time of the levy, and that he did not remember having stated to Farley that he did not own the wagon. While the plaintiff's denial of the statement imputed to him may not have been as positive as the defendant Farley's assertion that it was made, that fact may be taken into consideration in determining the degree of credibility which should be attached to the denial; but the lack of a more explicit denial would not warrant an assumption that Farley's testimony was thereby left unchallenged. So, also, as Farley's testimony was that of an interested witness, it was within the province of the trial justice to reject it, though wholly uncontradicted, (*Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Kavanagh* v.

*Wilson,* 70 N. Y. 177; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Wohlfahrt* v. *Beckert,* 92 N. Y. 490,) and we cannot, for the purposes of this appeal, assume that the justice did not discredit Farley's testimony in this respect.

Another proposition made by the counsel for appellant, and to which we do not accede, is that, as it appeared upon the trial that the wagon levied upon had not been in actual use by the plaintiff for some six weeks prior to its seizure, the plaintiff had lost the right to claim its exemption. The non-use of the wagon was sufficiently explained by the fact that it was in need of repair, and that the plaintiff was at the time using a borrowed wagon, while awaiting the accumulation of sufficient means to enable him to meet the expense of repairing his own. It would seem absurd to hold that the wagon possessed the attribute of exemption when fit for use, and lost it when temporarily in disuse, while awaiting or undergoing repairs.

A further ground urged for the reversal of the judgment appealed from is that the trial justice erred in granting the plaintiff's motion, made during the progress of the trial, to continue the action as one to recover a chattel. In the absence of written pleadings, we are at a loss to understand why this motion was made, or what need there was for granting it. The justice's return states that the action was brought "to recover a wagon." This was, in every legal sense, an action "to recover a chattel," and the granting of a motion allowing it to be continued as such did not in any respect change the issues or the nature of the relief-sought to be obtained, and the defendants could not, therefore, have been prejudiced. The trial justice should, however, have rendered judgment for the plaintiff in the alternative, that the plaintiff recover possession of the wagon, and for the value thereof, as ascertained on the trial, in case a delivery could not be had, instead of a judgment absolute for the value of the chattel. *Stauff* v. *Maher,* 2 Daly, 142; Code Civil Proc. § 1730. The omission to render judgment in the alternative is an irregularity, however, which may be cured by the appellate court by a modification of the judgment appealed from, and does not necessarily call for reversal. *Stauff* v. *Maher,* above cited; *Fitzhugh* v. *Wiman,* 9 N. Y. 559; *Wood* v. *Orser,* 25 N. Y. 348–360; Code Civil Proc. § 3213. The other exceptions taken by the defendant at the trial, and not hereinbefore specially referred to, prove upon examination to be without sufficient merit to require discussion. The judgment appealed from should be modified by making it in the alternative, that plaintiff recover possession of the wagon for which this action was brought, and, if delivery thereof cannot be made, then for the sum of $65, the value thereof as found by the justice, and, as so modified, the judgment should be affirmed, with costs.