DAVEY *et al. v.* LOHRMANN.

*(Common Pleas of New York City and County, General Term.*   November 7, 1892.)

1. APPEAL—RECORD—AMENDMENT OF CASE.
    Where appellant has excepted to a ruling of the trial court, the respondent has notice that appellant will claim legal error, and must supply by amendment any evidence which he deems material and which appellant has omitted from the case.

2. WITNESS—CREDIBILITY—HARMLESS ERROR.
    In an action to recover the value of eggs sold and delivered, a witness who, on being called to impeach defendant, had testified that he knew and had dealt with defendant, and that defendant's reputation among the wholesale trade was bad, was asked, "What were his returns on eggs that he bought from you, — large or small?" and replied, "His returns of losses with us were very heavy during the last portion of the time he dealt with us,—the last month, or perhaps year." *Held,* that the evidence of transactions between witness and defendant was incompetent and irrelevant.

3. PROVINCE OF JURY—TESTIMONY OF PARTY IN INTEREST—INSTRUCTIONS.
    The court properly refused to charge that defendant had proved a tender of the amount paid into court, where the testimony of defendant, though uncontradicted, was the only evidence of such tender.

Appeal from city court, general term.

Action by Fred W. Davey, Charles F. Burt, and Charles W. Burt against Ernest A. Lohrmann to recover the value of eggs sold and delivered. From a judgment of the general term of the city court affirming a judgment entered on a verdict for plaintiffs, and affirming an order denying a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Howe & Hummel,* for appellant.   *J. George Flammer,* for respondents.

BISCHOFF, J.   Though we may be precluded from inquiry into the sufficiency of the evidence to sustain the verdict because of the absence of the statement that the case contains all the evidence material to the questions in controversy, *(Arnstein* v. *Haulenbeek,* [Com. Pl. N. Y.] 11 N. Y. Supp. 701; *Aldridge* v. *Aldridge,* 120 N. Y. 614, 24 N. E. Rep. 1022,) the exception to the ruling of the trial court had the effect of a notice to the respondents that the appellant would claim a legal error, and the burden was thereby put upon the respondents to supply, by way of amendment, any evidence which they deemed material to the question sought to be reviewed, and which had been omitted from the case.   *Halpin* v. *Insurance Co.,* 118 N. Y. 165, 23 N. E. Rep. 482; *Van Bokkelen* v. *Berdell,* 130 N. Y. 141, 29 N. E. Rep. 254.

On the trial plaintiffs called as a witness in rebuttal one Washington Winsor for the purpose of impeaching defendant's character for truth and veracity. The witness, having stated that he was acquainted with defendant, proceeded to testify as follows:   "*Question.* What is his [defendant's] reputation for truth and veracity in the trade?   *Answer.* Well, I should say that his reputation among the wholesale trade was bad.   *Q.* Why? (Defendant's counsel objects.)   *Q.* Had he dealt with you?   *A.* Yes, sir.   *Q.* What were his returns on eggs that he bought from you,—large or small? (Defendant's counsel objects as incompetent, irrelevant, and immaterial.)   *The Court.* I will allow it for the reason that this line of testimony was gone into by the defendant in the examination of the witnesses Redlich and Hintze.   (Objection overruled.   Defendant excepts.)   *A.* His returns of losses with us were very heavy during the last portion of the time he dealt with us,—the last month, or perhaps year."   It is perfectly clear that this testimony was elicited with no other motive, and could have had no other effect, than to impeach defendant's credibility.   In so far as it relates to transactions between the witness and defendant, having not the faintest connection with the subject-matter of the action, its incompetency and irrelevancy for such purposes is too apparent to require either argument or the citation of authority, and if consid-

ered as explanatory of the witness' statement with reference to defendant's alleged ill repute for truth and veracity the testimony transcended the rule that particular instances of alleged want of veracity, or the exhibition of moral delinquency, are inadmissible. *Corning* v. *Corning*, 6 N. Y. 97; *Anon.*, 1 Hill, 217; *Jackson* v. *Lewis*, 13 Johns. 504. It is also evident from the observation of the trial justice that but for his impression that defendant's witnesses, Redlich and Hintze, to sustain defendant's credibility, had previously testified to particular transactions with him, he would have excluded the testimony objected to. If such testimony was in fact given, it does not appear from the case as it has been presented to us, and under the rule stated in *Halpin* v. *Insurance Co.*, 118 N. Y. 165, 23 N. E. Rep. 482, it should have been supplied by respondents. For the reasons stated we are of the opinion that the exception was well taken, and that the judgment must be reversed. We cannot say that the error of admitting the objectionable testimony was harmless. It imputed to the defendant a practice of demanding allowance for ill-founded claims for losses alleged to have been sustained from the delivery to him of unsalable merchandise by the tradesmen with whom he dealt, and it may have influenced the jury in reaching the result they did. Nor can we consider the verdict, which may be the result of deliberation affected by the objectionable testimony to defendant's prejudice in any aspect of substantial justice, so long as upon the evidence the jury would have been authorized to have rendered a verdict for the plaintiffs in a lesser amount. In urging that plaintiffs have recovered no more than defendant by answer conceded to be due, —22 cases, containing 660 eggs, at 20 cents per dozen,—respondents' counsel fails to notice that the defendant claimed allowance for unsalable eggs, the justice of which is at least partly conceded by the complaint, and it may therefore be that the rejection of defendant's claim for this allowance, which was supported by evidence on the trial, and referred to in the justice's charge, was in part at least induced by the testimony objected to and erroneously admitted.

The exception to the refusal to charge as requested by defendant's counsel is without merit. Among the defenses interposed was that of a tender before suit of $98.80, and this was accompanied by payment of the amount into court. On the trial the only evidence which was relied upon in substantiation of the defense was the testimony of the defendant, wholly unchallenged in this respect, except by evidence tending to impeach his credibility generally. Counsel for defendant thereupon requested the court to charge that the defendant had proved a tender of the amount paid into court, and that if the jury found no greater sum due plaintiffs from the defendant their verdict must be for the latter. The vice of this request was that it sought to invade the province of the jury. The jury was not bound to believe the defendant, though he was uncontradicted, as his testimony was that of a party in interest, (*Elwood* v. *Telegraph Co.*, 45 N. Y. 549, 553; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Honegger* v. *Wettstein*, 94 N. Y. 252, 261,) and if made as requested the charge would have required the jury to accept defendant's testimony as true. The request was therefore properly refused. The judgments of the general and trial terms of the court below are reversed, and a new trial ordered, with costs to abide the event. All concur.