### LAMB *v.* HIRSCHBERG *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

**1. PLEADING—ALLEGING CONCLUSIONS OF LAW.**

Where, in an action to recover the purchase money of goods sold and delivered, the answer denies that defendants are indebted on the alleged cause of action set forth in the complaint, but does not otherwise deny the allegation of sale and delivery of the merchandise at an agreed price stated, the denial is merely a legal conclusion, insufficient to raise an issue, and the sale and delivery to defendants, as well as their promise to pay, are admitted.

**2. AUTHORITY OF AGENT—RECEIVING PRICE OF GOODS SOLD.**

It was conceded on the trial that defendants had paid the amount of their indebtedness to the broker who negotiated the sale, and who at the time claimed to have authority to collect; but plaintiff's testimony, taken under a commission, was to the effect that he had never authorized the broker to collect the money. The broker testified that he had never received specific authority to collect the sum in question, but that he had received express parol directions from plaintiff to collect generally; that he had been in the habit of collecting for the merchandise he sold for plaintiff; and that, except in the instance of defendants' indebtedness, plaintiff had always ratified and approved the collections. *Held*, that the broker's authority to receive payment as plaintiff's agent should have been submitted to the jury.

Appeal from trial term.

Action by Hugh Lamb against Augusta Hirschberg and others to recover the purchase money for goods sold and delivered. From a judgment for plaintiff, entered on a verdict rendered by direction of the trial court, defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Sampter & Fleischman*, for appellants. *Smith & White*, for respondent.

BISCHOFF, J. The answer denied that defendants "are indebted in any sum whatever upon the alleged cause of action set forth in the complaint," and did not otherwise deny the allegations of sale and delivery of the merchandise at an agreed price stated. The denial was therefore of a legal conclusion

merely, insufficient to raise an issue, (*Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Emery* v. *Baltz*, 94 N. Y. 409, 411;) and the sale and delivery to defendants, as well as their promise to pay, were admitted, (Code Civil Proc. § 522.)   The defense remaining was payment, and it was conceded on the trial that defendants had paid the amount of their indebtedness to one Beaumont, the broker who had negotiated the sale, and who at the time of payment claimed to have authority to collect.   This authority plaintiff disputed, and his testimony, taken under a commission, was to the effect that he had never authorized Beaumont to collect the money.   Beaumont, called as a witness for defendants, admitted that defendants had paid him; that he had not accounted to plaintiff for such payment otherwise than by charging himself with the amount; and that he had never received specific directions or authority to collect the sum due plaintiff from defendants.   He testified, further, that he had received express parol directions from plaintiff to collect generally; that he had been in the habit of collecting the sums owing for merchandise sold by him on plaintiff's behalf; and that, except in the instance of defendants' indebtedness, plaintiff had always ratified and approved the collections.   On motion of plaintiff's counsel, the court directed a verdict for plaintiff, under objection and exception for defendants.   It was error to withdraw the question of Beaumont's authority to receive payment, as plaintiff's agent, from the jury.   Plaintiff's denial of having given such authority was not conclusive, because that of a party in interest, (*Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Honegger* v. *Wettstein*, 94 N. Y 252;) and evidence of express authority was not indispensable to sustain the defense. · It was sufficient if Beaumont's authority to collect appeared inferentially from a course of dealing between him and his alleged principal.   *Bank* v. *Putnam*, 1 Abb. Dec. 80; *Wood* v. *Railroad Co.*, 8 N. Y. 160; *Hammond* v. *Varian*, 54 N. Y. 398; *Olcott* v. *Railroad Co.*, 27 N. Y. 546; *Bank* v. *Clements*, 31 N. Y. 33.   The judgment appealed from must be reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.