GAYLORD *et al.* *v.* GALLAGHER.

*(Common Pleas of New York City and County, General Term.    November 7, 1892.)*

1. APPEAL—OBJECTIONS WAIVED—MOTION FOR NONSUIT.

   1. An exception by defendant to the overruling of his motion for a nonsuit, made when plaintiffs rested, on the ground of the insufficiency of the evidence, is not available on appeal, unless such motion was renewed when both sides rested, since, by a failure to so renew the motion, the sufficiency of the evidence to go to the jury is conceded.

2. SAME—CASE—FAILURE TO SHOW EVIDENCE.

   An appellant who omits from the case the statement that all the evidence bearing on the questions in controversy is thereby presented precludes the appellate court from inquiry whether the verdict is against the weight of evidence.

Appeal from trial term.

Action by Don A. Gaylord and others against Patrick Gallagher to recover upon two certain contracts for the sale and delivery of builders' materials; the answer denying performance by plaintiffs, and the value of the materials admitted to have been delivered, besides interposing four several counterclaims for damages alleged to have been sustained by defendant from nonperformance of the agreements mentioned in the complaint on plaintiffs' part. From a judgment for plaintiffs entered upon the verdict of a jury, and an order denying his motion for a new trial, defendant appeals.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

*Henry A. Brann*, for appellant.    *John E. Eustis*, for respondents.

BISCHOFF, J.    But two exceptions appear in the case,—one, to the denial of defendant's motion for a nonsuit when plaintiffs rested; the other, to the denial of defendant's motion to set the verdict aside, and order a new trial. Neither of these exceptions, however, proves, upon examination, to be available to defendant for the purpose of reversing the judgment and order appealed from.    The motion for a nonsuit was founded on the alleged insufficiency of the evidence to sustain the cause of action; but any defect in the proof, when plaintiffs rested, was curable by evidence introduced on behalf of either party after denial of defendant's motion.    *Road Co.* v. *Thatcher*, 11 N. Y. 102, 112; *Tiffany* v. *St. John*, 65 N. Y. 314; *Painton* v. *Railway Co.*, 83 N. Y. 7.

When both sides rested, defendant did not renew his motion for a nonsuit, nor ask to have a verdict directed in his favor.    The sufficiency of the evi-

dence to warrant its submission to the jury was thus conceded. *Barrett* v. *Railroad Co.,* 45 N. Y. 628, 632; *Rowe* v. *Stevens,* 44 How. Pr. 10; *St. John* v. *Skinner,* Id. 198; *Casper* v. *O'Brien,* 47 How. Pr. 80; *Schwinger* v. *Raymond,* 105 N. Y. 648, 11 N. E. Rep. 952. And appellant has precluded us from inquiry whether the verdict is against the weight of the evidence by omitting from the case the statement that all the evidence bearing upon the questions in controversy is thereby presented. *Aldridge* v. *Aldridge,* 120 N. Y. 614, 24 N. E. Rep. 1022; *Arnstein* v. *Haulenbeek,* (Com. Pl. N. Y.) 11 N. Y. Supp. 701, and cases cited. The judgment and order appealed from must be affirmed, with costs. All concur.