## CARROLL v. O'SHEA.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. APPEAL—OBJECTIONS TO EVIDENCE.
    Where the grounds of objection to the admission of evidence are not stated, exceptions to the rulings of the court are not available on appeal.
2. MOTION TO DISMISS—WAIVER.
    Where a motion to dismiss is made and overruled at the close of plaintiff's evidence, and defendant fails to renew the same after further evidence is introduced by either party, or to ask that a verdict be directed in his favor, the sufficiency of the evidence is conceded.
3. APPEAL—RECORD.
    Where the case contains no order denying a motion on the minutes for a new trial, an exception only to the denial of such motion is ineffectual.
4. SAME—APPEALABLE ORDER—REFUSAL OF NEW TRIAL.
    No appeal lies to the court of common pleas from an order of the city court refusing a new trial.

Appeal from city court, general term.

Action by David H. Carroll against Ann T. O'Shea to recover broker's commissions for the sale of real estate. From a judgment of the general term of the city court (19 N. Y. Supp. 374) affirming a judgment for plaintiff, entered on the verdict of a jury, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Fellows, Gray & Hartman, for appellant.
Frederick Hemming, (Waldorf H. Phillips, of counsel,) for respondent.

BISCHOFF, J. Neither of defendant's exceptions to the admission of evidence is available on appeal, because the ground of the objection is not stated. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. Rep. 457.

Any defect in the proof when plaintiff rested could be and was cured by evidence adduced by either party after denial of defendant's motion for dismissal of the complaint, (Plank Road Co. v. Thatcher, 11 N. Y. 102, 112; Tiffany v. St. John, 65 N. Y. 315, 317; Painton v. Railroad Co., 83 N. Y. 7;) and defendant's failure to renew the motion, or to ask that a verdict be directed in his favor, conceded the sufficiency of the

evidence for submission to the jury, (Barrett v. Railroad Co., 45 N. Y. 629; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. Rep. 952.)

The case contains no order denying defendant's motion on the minutes for a new trial, and an exception only to the denial of such a motion is ineffectual for any purpose. Matthews v. Meyberg, 63 N. Y. 656; Boos v. Insurance Co., 64 N. Y. 236. Besides, no appeal lies to this court from an order of the city court refusing a new trial. Code Civil Proc. § 3191; Wilmore v. Flack, 96 N. Y. 512; Smith v. Pryor, (Com. Pl. N. Y.) 9 N. Y. Supp. 636. The judgment appealed from must be affirmed, with costs. All concur.