WILSON v. WYANDANCE SPRINGS IMPROVEMENT COMPANY.

APPEAL from a judgment for plaintiff rendered by a District Court in the city of New York.

Action to recover the agreed price for merchandise sold and delivered to defendant at the instance of its agent.

*Douglass & Minton*, for plaintiff (respondent).

*H. M. Walker*, for defendant (appellant).

BISCHOFF, J. Attentive consideration of the evidence renders it irrefragably apparent that the only defense was an attempt to shift responsibility for plaintiff's demand from a solvent to an insolvent corporation. Express authority to Rosenfeld to purchase merchandise upon defendant's credit was not indispensable to plaintiff's right to recover. It was sufficient that there had been a course of dealing between plaintiff and defendant, from which Rosenfeld's authority could be inferred. *Lamb* v. *Hirschberg*, 1 Misc. Rep. 108. Such a course of dealing appeared in evidence from the

testimony of plaintiff's witnesses, which was to the effect that the assumed agent had on former occasions purchased merchandise of like kind on defendant's credit, and that these purchases were in each instance ratified by defendant, by acknowledgment of its indebtedness and payment thereof.

The evidence as to such a course of dealing may be slight, if considered without reference to other facts which appear, but its effect is intensified when it is kept in mind that defendant and another corporation of nearly the same name had the same officers and occupied the same office, to which the bills for merchandise were directed to be sent, and that this office bore the sign only of the defendant.

The denials of defendant's president and of Rosenfeld, the assumed agent, that the latter was the agent of the defendant, and that the assertions that he was the agent of the Wyandance Mineral Water Company, were not conclusive, because they were those of persons in interest. See cases cited in *Lamb* v. *Hirschberg*, 1 Misc. Rep. 108.

The judgment should be affirmed, with costs.

GIEGERICH, J., concurs.

Judgment affirmed, with costs.