## WILSON v. WYANDANCE SPRINGS IMP. CO.

(Common Pleas of New York City and County, General Term. August 9. 1893.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—SUFFICIENCY OF EVIDENCE.
   In an action to recover for goods sold to a corporation at the instance of its agent, plaintiff need not show express authority in the agent to purchase goods on defendant's credit, but it is sufficient to show such a course of dealing between the parties as justified the inference that he had such authority.

2. SAME—DENIAL OF AGENCY.
   The denial of the agency, in such case, by defendant's president and by the alleged agent, and the assertion that he was the agent of another corporation, of a similar name, is not conclusive, since such denial is by persons in interest.

Appeal from eighth district court.

Action by William Wilson, Jr., against the Wyandance Springs Improvement Company to recover for goods sold and delivered to

defendant at the instance of its agent. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

H. H. Walker, for appellant.
Douglass & Minton, for respondent.

BISCHOFF, J. Attentive consideration of the evidence renders it irrefragibly apparent that the only defense was an attempt to shift responsibility for plaintiff's demand from a solvent to an insolvent corporation. Express authority to Rosenfeld to purchase merchandise upon defendant's credit was not indispensable to plaintiff's right to recover. It was sufficient that there had been a course of dealing between plaintiff and defendant, from which Rosenfeld's authority could be inferred. Lamb v. Hirschberg, (Com. Pl. N. Y.) 20 N. Y. Supp. 678. Such a course of dealing appeared in evidence from the testimony of plaintiff's witnesses, which was to the effect that the assumed agent had on former occasions purchased merchandise of like kind on defendant's credit, and that these purchases were in each instance ratified by defendant, by acknowledgment of its indebtedness, and payment thereof. The evidence as to such a course of dealing may be slight, if considered without reference to other facts which appear, but its effect is intensified when it is kept in mind that defendant and another corporation, of nearly the same name, had the same officers, and occupied the same office, to which the bills for merchandise were directed to be sent, and that this office bore the sign, only, of the defendant.

The denials of defendant's president, and of Rosenfeld, the assumed agent, that the latter was the agent of the defendant, and the assertions that he was the agent of the Wyandance Mineral Water Company, were not conclusive, because they were those of persons in interest. See cases cited in Lamb v. Hirschberg, supra.

The judgment should be affirmed, with costs.