(7 Misc. Rep. 190.)

## FRANKEL v. WOLF.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. WITNESS—CROSS-EXAMINATION.
   It is not competent to ask the witness on cross-examination whether certain testimony given by him was true.

2. SAME—IMPEACHMENT—INCONSISTENT STATEMENTS.
   A statement made by a witness out of court, inconsistent with his testimony, is admissible to contradict him, though it may not be admissible as a declaration against the interest of the party who called the witness, because it was not made in the presence of such party.

3. PRACTICE IN CIVIL CASES—MOTION TO DISMISS COMPLAINT.
   Refusal to dismiss the complaint at the close of plaintiff's case is not available on appeal unless the motion was renewed at the close of the case.

Appeal from fourth district court.

Action by Eugene Frankel against Lucian Wolf to recover on defendant's alleged promise to pay plaintiff a commission on the sale of chattels. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Maurice B. Blumenthal, for appellant.

Hoffman & Hoffman, for respondent.

BISCHOFF, J.  This is an action for commissions.  No express employment of the plaintiff by the defendant, with regard to this transaction, is shown by the evidence, and the cause of action rests upon a promise, claimed to have been made to the plaintiff by the defendant at the time when the purchaser was brought to him by such plaintiff, to pay the commission in question.  There was no dispute that the sale took place, and it is not contradicted that the value of the goods sold was $1,800.  Conflict appears upon the questions whether plaintiff was the procuring cause of the sale, and whether any promise was made by the defendant to pay the compensation to plaintiff as claimed.  Upon the evidence adduced on behalf of the plaintiff the justice could well find that the plaintiff was the procuring cause, and that the promise in question was made.  The plaintiff testified that 5 per cent. had been promised him as commission, and, while he also testified upon cross-examination that the defendant promised "to do what is right," it was not incumbent upon the court below to disregard the other parts of his testimony, and to have the judgment upon this statement alone. Nor was the defendant's denial that he made any promise, and that plaintiff was the procuring cause of the sale, controlling, being also the testimony of an interested party.  Wennerstrom v. Kelly, 27 N. Y. Supp. 326, (handed down herewith.)  The determination of these conflicting questions, upon all the evidence submitted, was peculiarly within the province of the justice below, and that determination must be conclusive in such a case as the present.  Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776.  Upon the appellant is the burden of showing that error was made by the justice in determining upon the facts, and we cannot hold that this burden has been successfully sustained.

As appears from the record, the majority of the exceptions relied upon do not present the grounds of the objection, and are, therefore, unavailing on appeal.  Malcolm v. Lyon, (Com. Pl. N. Y.) 19 N. Y. Supp. 210; Myers v. Cohn, (Com. Pl. N. Y.) 23 N. Y. Supp. 996. The exceptions to the exclusion of evidence are not pressed, and do not present error; most of this evidence having been excluded under general objection, and not being material to the issue.  No proper foundation was laid for the admission of entries in defendant's books.  In excluding the question asked plaintiff upon cross-examination, "When you said before that he said he would give you five per cent. commission, you told something that was not true?" no error was made.  Whether the witness' testimony was true or not was properly for the determination of the court.

Exception was taken to the admission of the evidence of the witness Kean with reference to the statement made by defendant's witness Rosenthal, the purchaser in the transaction, out of court.  The statement proven was in rebuttal, and was inconsistent with the testimony given by Rosenthal to the effect that the plaintiff was not the procuring cause of the sale.  The objection was made upon the general grounds of incompetency, irrelevancy, and immateriality, the specific ground stated being that it "was not in the presence of defendant."  This latter ground presented no proper objection,

(Briggs v. Wheeler, 16 Hun, 583,) and the general grounds advanced did not call for the exclusion of the evidence. It was properly admitted for the purpose of contradiction, and the technical objection of incompetency, etc., cannot be considered as raising the question of its proper foundation where such objection could have been obviated by proof upon the trial. Mead v. Shea, 92 N. Y. 127; Tooley v. Bacon, 70 N. Y. 37.

The motion by defendant to strike out the testimony of the plaintiff, brought out on cross-examination, with reference to his conversation with the purchaser of the chattels in defendant's absence, was also properly denied upon the ground advanced. It had a material bearing upon the transaction as to plaintiff's services. Esmond v. Tuttle, 20 N. Y. Wkly. Dig. 156. Defendant's motion to dismiss the complaint should have been renewed at the end of the case, in order to present the question, (Carroll v. O'Shea, [Com. Pl. N. Y.] 21 N. Y. Supp. 956,) but, when made, was properly denied, sufficient facts being shown to justify such denial. We find no grounds for disturbing the judgment, which is therefore affirmed, with costs.