(7 Misc. Rep. 316.)

CURTIS et al. v. SADDLERY HARDWARE MANUF'G CO.

(Common Pleas of New York City and County, General Term. February 28, 1894.)

MOTION TO DISMISS—FAILURE TO MAKE—EFFECT.
  Where defendant fails to move for dismissal of complaint, he thereby concedes that plaintiff's proof was sufficient to support the cause of action.

Appeal from first district court.

Action by George W. Curtis and others against the Saddlery Hardware Manufacturing Company to recover for goods sold and delivered. From a judgment in favor of the plaintiffs, rendered by a justice without a jury, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Smith & White, for appellant.
James J. Allen, for respondents.

GIEGERICH, J.  The defendant ordered from the plaintiffs certain lap robes, to be in accordance with samples furnished. The goods were made and delivered to the defendant, and were shortly afterwards returned, the ground assigned being that they did not correspond to the samples. These robes, as ordered, were of two varieties, viz. "50 No. N lap robes, and 50 No. O lap robes." Plaintiffs admitted, at the time of the return of the goods, that the N robes did not answer to the samples sent, and accepted them, crediting defendant with the agreed price therefor upon the bill which they then sent for the full price of the whole order. Upon this bill appears the statement that the plaintiffs held the O robes subject to defendant's order, and they now sue for the agreed price of such O robes.

According to the testimony of one of the plaintiffs, the goods in question were as called for by the sample, and in direct opposition to this proof we have the evidence adduced on behalf of the defendant. No motion for a dismissal of the complaint was made, and no exceptions were taken, upon the trial. The appellant relies upon two grounds, substantially: First, that the judgment is against the weight of the evidence; and, second, that the order for the goods was, in effect, an entire contract, and that therefore the defendant was justified in rescinding the whole contract upon finding that one lot of the goods was not in accordance with the agreement. This latter ground might, indeed, have constituted a good defense if relied upon at the trial, but under the circumstances of this case it cannot avail on appeal. From the record it appears that the theory adopted by counsel upon the trial was that the contract was not entire, the whole question litigated

being as to the proper performance of that portion of the contract for which payment was claimed; and, for the purposes of review, this theory must obtain. Siegman v. Keeler, 4 Misc. Rep. 528, 24 N. Y. Supp. 821. Moreover, by failing to move for a dismissal, the defendant conceded that the plaintiff's proof was sufficient to support their cause of action. Carroll v. O'Shea, (Com. Pl. N. Y.) 21 N. Y. Supp. 956; Gaylord v. Gallagher, (Com. Pl. N. Y.) 20 N. Y. Supp. 682. As to the merits of the particular lot of goods in question, the determination of the justice must here be conclusive, in view of the character of the evidence. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Schwartz v. Wechler, 2 Misc. Rep. 67, 20 N. Y. Supp. 861; Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776. The determination of this conflict as to facts was pre-eminently for the trial justice, and, having the witnesses before him, he was better able to judge of their credibility, and of the weight to be given to their testimony, than is the appellate court. We are unable to say that the judgment is against the weight of the evidence. "Ponderantur testes, non numerantur." The judgment should be affirmed, with costs.