(9 Misc. Rep. 498.)

SULYEWSKI v. WINDHOLZ.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

PRACTICE IN CIVIL CASES—FAILURE TO MOVE TO DISMISS.
      The failure of defendant to move for a dismissal admits that plaintiff's proof is sufficient to sustain his cause of action.

Appeal from ninth district court.

Action by John Sulyewski against Minna Windholz. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BOOKSTAVER and GIEGERICH, JJ.

Julius Lehmann, for appellant.

Alfred R. Bunnell, for respondent.

BOOKSTAVER, J. This action was brought by the respondent to recover for work, labor, and services which he claims to

have performed for the appellant. On the trial it appeared from the plaintiff's testimony that a portion of the work was done under contract, and a certain other portion by day's work, and not under contract. Defendant's contention was that the whole was performed under contract, and fully paid for. Defendant did not at any time move for a dismissal of the complaint, thereby admitting that plaintiff's proof was sufficient to support his cause of action. Curtis v. Manufacturing Co., 7 Misc. Rep. 316, 27 N. Y. Supp. 901; Frankel v. Wolf, 7 Misc. Rep. 190, 27 N. Y. Supp. 328; Carroll v. O'Shea, 2 Misc. Rep. 437, 21 N. Y. Supp. 956; Gaylord v. Gallagher, 1 Misc. Rep. 328, 20 N. Y. Supp. 682. Appellant now contends that the verdict of the jury was contrary to the evidence and to the preponderance of the evidence, but, there being testimony to support the finding of the jury, it should not be disturbed in the absence of passion, prejudice, fraud, or collusion. Schwartz v. Wechler, 2 Misc. Rep. 67, 20 N. Y. Supp. 861; Morse v. Thurber, 7 Misc. Rep. 707, 28 N. Y. Supp. 35; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Styler v. Railroad Co., 75 Hun, 547, 27 N. Y. Supp. 1113.

Appellant also contends that the court erred in not charging the jury as requested by her. The request was in the following language: "I ask your honor to charge that by the receipt offered in evidence, dated December, the plaintiff cannot recover,"—to which the court replied: "Gentlemen: That is a matter for your determination. There is a receipt in full, which you are to consider as evidence in this case. You will give it such weight as you think it deserves,"—to which the defendant excepted. In the first place there was no receipt in evidence bearing date as of December, while there were in all four receipts in evidence,—one dated April 17, 1893, by which the respondent acknowledged payment in whole; another, without date, but which must have been given between the 17th April, 1893, and the 15th July, 1893, which acknowledges payment in full; a third, dated July 15th, acknowledging receipt in full; and a fourth, dated September 2, 1893, acknowledging the receipt of $50 in full for all work in the house 201 West 127th street, which was one of the two houses upon which the work was done. It is therefore apparent that, whatever was the cause which induced the plaintiff to sign receipts in the manner he did, that work was done after the giving of each one; and it is also clear from the uncontradicted evidence in the case that considerable work was done after the giving of the receipt of September, 1893. The request was therefore clearly wrong, because there was no receipt of the date stated in it, and also because the evidence shows that work had been done after the giving of the last of those receipts. The principle that a receipt is only prima facie evidence of payment is so well embedded in the law as to require citation of no authority. The court did not err in its instruction to the jury, which was to give the receipt such weight as in their judgment is deserved. Under the circumstances of the case, it was in no way conclusive, and was overcome by the undisputed fact that

work had been performed by the plaintiff subsequent to the giving of the last receipt. The judgment should therefore be affirmed, with costs.