(10 Misc. Rep. 176.)

SCHWABELAND et al. v. HOLAHAN, Marshal.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. WITNESS—CREDIBILITY—ADVERSE PARTY.

Where plaintiffs called the adverse party as a witness, they are not bound by all of his testimony; but the jury may believe so much as is favorable to plaintiffs, and reject that which is unfavorable, because of the interest of the witness.

2. REPLEVIN—PLEADING AND PROOF—DEMAND.

Where plaintiff's goods were taken under execution against a third person, plaintiff need not prove a demand for the return of the property, since the original taking was wrong.

3. APPEAL—EXCEPTIONS.

In an action to recover property taken by defendant under execution against a third person, the court charged that if defendant, after making a levy, relinquished his right, and turned the property over to plaintiff, the verdict must be for plaintiffs. Held, that an exception by defendant "to that portion of the charge wherein your honor charged in relation to the relinquishment by the defendant" did not present for review the ruling that if the officer did relinquish his levy, and left the property in possession of plaintiffs, the action could not be maintained.

Appeal from city court, general term.

Action by Henry Schwabeland and Henry G. Schloendorff against Edmund P. Holahan, as one of the marshals of New York, to recover possession of a stock of goods and fixtures of a grocery store seized by defendant under execution against one William McCaw. From a judgment of the city court (26 N. Y. Supp. 880) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Chas. S. Bloomfield, for appellant.
Forster, Hotaling & Klenke, for respondents.

DALY, C. J.   This was an action against a city marshal to recover a stock of goods alleged to have been wrongfully taken and detained by him from the plaintiffs on July 7, 1892.   The defense was a levy and taking of the property on July 1, 1892, from one McCaw by virtue of an execution against him.   The principal issue was whether the levy was made on July 1st, or after that date, as the plaintiffs did not acquire the property before July 2d, when they received it from McCaw.   The first intimation which plaintiffs had of a levy was the posting by defendant, on July 7th, on the premises, of a notice of sale of the goods.   On the trial the marshal, who was called as plaintiffs' witness, testified that he had made the levy on the 1st.   In this he was corroborated by McCaw.   No witness was called to contradict the marshal's statement, but the plaintiffs claim that the jury were at liberty to reject his testimony, as that of an interested party, and that his witness, McCaw, was discredited.   The plaintiffs called the defendant as their witness, to prove that he made the levy on July 7th, the date alleged in the complaint.   The defendant stated that he had a levy on the 7th, but added that he made it on the 1st.   The appellant claims that the plaintiffs are bound by this statement, in the absence of conflicting testimony.   The plaintiffs are not bound to admit all the testimony of their adversary as true, although calling him as their own witness, and the jury were at liberty to adopt or reject it. Cross v. Cross, 108 N. Y. 629, 15 N. E. 333.   The jury might believe the evidence favorable to the plaintiffs, as wrung from an unwilling witness, and might treat that which was unfavorable with that degree of belief which they thought it deserved, considering the circumstances of the case.   Becker v. Koch, 104 N. Y. 394, 10 N. E. 701; Wolf v. Farley (Com. Pl. N. Y.) 16 N. Y. Supp. 168; Davey v. Lohrmann (Com. Pl. N. Y.) 20 N. Y. Supp. 675.   The circumstances which the jury might take into account in considering whether a levy was made on the 1st of July were that the officer left no person in charge of the property, and that the judgment debtor, whom he called to corroborate the levy, transferred the property to the plaintiffs on the 2d of July without mentioning the levy to them, and afterwards, on July 9th, made a bill of sale to them of the property, and subsequently, on July 20th, commenced an action against them to set aside the bill of sale on the ground of fraudu-

lent representations by their agent that they had a purchaser for the business, praying an injunction restraining them from interfering with the property,—claims which were wholly inconsistent with his knowledge of a levy actually made before any of the transfers, and of a right of possession in the marshal for the purpose of satisfying an execution in favor of a bona fide creditor.    It is to be noted that the plaintiffs had commenced this replevin action before McCaw's suit in equity, and that he recites that fact in his complaint, and yet fails to set up the important fact of a prior levy. Under the circumstances, we cannot say that the jury erred in finding that the levy of the marshal was made before the 7th, when he posted his notice of sale.

It is claimed on appellant's part that the action will not lie because it is not shown that the marshal ever had possession of the property.    It was not necessary to prove that fact, since he averred in his answer that the property was taken from him by the replevin proceedings in this action, and prayed for its restoration. The exceptions are untenable.    The admission of the judgment roll in the superior court, and the bill of sale of July 9th, were proper in impeachment of McCaw, even if not proper to show plaintiffs' title through him.    But the judgment roll was competent to show the transfer on July 2d from McCaw to the plaintiffs.    Of course, the title could be attacked by any one not a party to the record, and it was prima facie proof only.    The admission of the bill of sale to Moss worked no injury to defendant, as it merely contained facts called out by both sides from him when on the stand.    The objection that no demand for a return of the property was proven is of no force, because the original taking by the marshal was wrongful.    Masten v. Webb, 24 Hun, 90; Stillman v. Squire, 1 Denio, 327.

It is contended by appellant that the answer of the plaintiffs, in McCaw's action, that they had possession of the goods on and after July 2d, is conclusive against their present claim against the marshal in this action; but that defense was set up as against McCaw, and not against the marshal, and is merely an averment that, as against McCaw, they had such possession.

The judge submitted to the jury the question whether the marshal relinquished his levy, if he had one, on July 1st, and instructed the jury that if he relinquished his rights, and the property was turned over to the plaintiffs in good faith on the 2d of July, their verdict must be for the plaintiffs for the return of the property.    The defendant's counsel excepted as follows:    "I except to that portion of the charge wherein your honor charged in relation to the relinquishment by the defendant."    This exception did not point out the error complained of, to wit, that if the marshal did relinquish his levy, and left the property in possession of the plaintiffs, the action could not be maintained.    Part of the instructions to the jury on the subject of relinquishment were correct, and the defendant's vague exception to what was charged in relation to relinquishment was too general.    The judgment must be affirmed.    All concur.