(13 Misc. Rep. 211.)

REDDIN v. LAWLOR.

(Common Pleas of New York City and County, General Term. June 27, 1895.)

HUSBAND AND WIFE—OWNERSHIP OF DOG—EVIDENCE.

The uncorroborated testimony of plaintiff that a dog which her husband, during her temporary absence from their common house, having in his possession, gave to defendant, had been presented to her, being the testimony of an interested party, does not necessitate a finding for her, as against the presumption from the husband's possession that it was his.

Appeal from Eighth district court.

Action by Annie Reddin against James Lawlor for conversion of a dog. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Boothby & Warren, for appellant.

L. A. Gould, for respondent.

BISCHOFF, J. Plaintiff instituted an action for the conversion of a dog, and appeals from a judgment rendered in favor of the defendant. Upon the record we must uphold the decision. The evidence in support of the judgment establishes the fact that the dog was in the possession of the plaintiff's husband after she had temporarily left their common home, and that in her absence he had presented the animal to the defendant, who in turn had made a gift of it to another person, prior to the date of plaintiff's demand. As between husband and wife the possession of this dog, which was not shown to be a chattel in the nature of bona paraphernalia, imported title in the husband, the enabling acts in favor of married women notwithstanding. 9 Am. & Eng. Enc. Law, p. 801, and cases cited; Whiton v. Snyder, 88 N. Y. 299. Unrebutted, then, the facts surrounding the transfer of possession to defendant supported a finding of title in the transferee. Appellant's uncorroborated testimony that the dog had originally been presented to her as a Christmas gift, being the testimony of a party in interest, was not controlling upon the justice (Frankel v. Wolf, 7 Misc. Rep. 190, 27 N. Y. Supp. 328; Davey v. Lohrmann [Com. Pl. N. Y.] 20 N. Y. Supp. 675), and in support of the judgment we must assume that it was not found to be sufficient to rebut the presumption raised in favor of the defendant's title. We cannot say that the judgment is against the evidence, and no questions of law are presented upon this appeal.

Judgment affirmed, with costs. All concur.