(13 Misc. Rep. 216.)

## KIDDER v. JONES.

(Common Pleas of New York City and County, General Term. June 27, 1895.)

APPEAL—REVIEW—INCONSISTENT JUDGMENT.

Where plaintiff and defendant both claim damages because of a collision between their vehicles, plaintiff cannot complain of the judgment as inconsistent, because, after finding for defendant on plaintiff's cause of action, it disallows defendant's counterclaim.

Appeal from Eighth district court.

Action by Augustus S. Kidder against Morris Jones. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Frederick L. Gilbert, for appellant.

Herman Joseph, for respondent.

BISCHOFF, J. By reason of a collision between their vehicles, both parties to this action claimed damages; the plaintiff for sums expended in repairs to his property, the defendant for the value of a diamond lost from a finger ring. The justice below gave judgment for defendant upon plaintiff's cause of action, disallowing the counterclaim, and the plaintiff appeals. Ample evidence of the plaintiff's negligence is afforded by the testimony of defendant's witnesses, in fact it thereby appears that the former's carelessness alone rendered the accident unavoidable, and upon the simple conflict presented by the contradiction of this testimony the finding of the justice concludes. But the plaintiff contends the judgment is inconsistent, in that no damages were awarded the defendant upon his counterclaim. True, the collision was due solely to plaintiff's negligence, if defendant's witnesses are to be believed, and the judgment establishes the fact that credit was given to their testimony; but, while the justice might with propriety have rendered judgment for substantial damages in defendant's favor, there was no inconsistency, as the term is used, in his not doing so. It was, at most, an omission of which the defendant might have complained, but, the plaintiff's negligence being established, he was not to assail the judgment because insufficiently unfavorable. Moreover, the evidence as to the defendant's loss, although uncontradicted, might well have been discredited as the uncorroborated testimony of a party in interest (Frankel v. Wolf, 7 Misc. Rep. 190, 27 N. Y. Supp. 328; Wilson v. Improvement Co., 4 Misc. Rep. 605, 24 N. Y. Supp. 557; Davey v. Lohrmann [Com. Pl. N. Y.] 20 N. Y. Supp. 675), notwithstanding that the weight of evidence as to the circumstances surrounding the accident was against the plaintiff's contention. Defendant offered only his own testimony as to the loss of the diamond, and it appeared that its absence was not discovered until half an hour after the collision; therefore, the justice might not have been satisfied that the accident in question was the proximate cause of the loss.

Judgment affirmed, with costs. All concur.