(16 Misc. Rep. 82.)

### KATZ v. WOLF.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. REVIEW ON APPEAL—CONFLICTING EVIDENCE.
　　The finding of a justice on conflicting evidence will not be disturbed.
2. BREACH OF CONTRACT—DAMAGES.
　　No damages can be measured for breach of a contract to deposit money with another on furniture which the depositor was to purchase when he got married, the event not having occurred.

Appeal from Fourth district court.

Action by Theodore Katz against Pauline Wolf. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

La Fetra & Glaze, for appellant.
S. Hoffman, for respondent.

McADAM, J. The plaintiff furnished an estimate to do certain work on the defendant's house for $75. He testified that he did all the work agreed to be done, and received $30 on account. The justice gave judgment in favor of the plaintiff for $45, the balance due. Plaintiff also claimed $11 for extra work, but this the justice disallowed. The question of performance was decided on conflicting testimony; the plaintiff testifying one way, and the defendant's agent the other. The finding of the justice upon that disputed question of fact is sufficiently sustained by the evidence, and cannot be disturbed. Frankel v. Wolf, 7 Misc. Rep. 190, 27 N. Y. Supp. 328. The defendant made no motion to dismiss, and cannot now urge that the plaintiff did not make out a prima facie cause of action. Frankel v. Wolf, supra; Carroll v. O'Shea, 2 Misc. Rep. 437, 21 N. Y. Supp. 956.

The defendant claims that the justice erred in declining to allow her counterclaims. The first of these, for six dollars, was properly disallowed, because the claim belonged to Fernback, defendant's agent, and not to herself. The second arises out of a writing signed by the plaintiff, "whereby he agreed to deposit $15 with the defendant on furniture" which he was to purchase from her when he got married. The plaintiff was guilty of a breach of his agreement to deposit, but no damages arising therefrom were proved, nor could they be legally measured. The contract does not specify either the quantity or quality of the furniture, or its value in dollars and cents, or the character of the goods; and much would, in the nature of things, depend upon the notion, fancy, and requirements of the plaintiff when the event for which the furniture was intended

should occur, and it has not yet occurred. The justice could not have allowed anything on such an uncertain and indefinite agreement. No error is disclosed by the record, and the judgment must be affirmed, with costs.