GOLDENSON v. LAWRENCE et al.

(Supreme Court, Appellate Term, First Department. April 27, 1896.)

1. AGENCY—KNOWLEDGE OF AGENT—WHEN IMPUTED TO PRINCIPAL.

The mere fact that a seller of goods acted as agent for the buyer, in storing them in a warehouse, did not charge the buyer with notice that the seller had obtained the goods by fraud, as the seller's knowledge of his own fraud was neither received within the course of the transaction in which he acted as the buyer's agent, nor material to matters within his knowledge as such agent.

2. EVIDENCE—DOCUMENTS.

On an issue as to whether a transfer of goods was made in good faith to pay a debt of the transferror to the transferee, a mortgage given by

the transferee on her property, with the coupon notes, a memorandum of expenses of executing the mortgage, and the draft for the net proceeds thereof, in favor of the transferror, are admissible in evidence.

3. APPEAL—OBJECTIONS NOT RAISED BELOW.
    Where the ground of objection to evidence was not stated, the objection will not be considered on appeal.

Appeal from city court of New York, general term.

Action by Eva L. Goldenson against Chester R. Lawrence and others for conversion. From an affirmance (37 N. Y. Supp. 194) by the general term of the city court of New York of a judgment entered on a verdict in favor of plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John A. Deady, for appellants.

David Leventritt and Harold Nathan, for respondent.

BISCHOFF, J. The defendants are warehousemen, and are sued by the plaintiff for the conversion of 16 casks of soda ash claimed to have been stored with them for her account, of which delivery was refused upon her presenting the storage receipt made in her name. By the answer originally served, the plaintiff's title and the defendants' conversion only were placed in issue; but an amended answer was interposed, by leave of court, setting up additionally a separate defense, attacking the title of the plaintiff's vendor to the goods in suit, through his alleged fraud in obtaining them from third parties, who had replevied them in the defendants' hands. This amendment to the answer was allowed upon condition that the defendants should stipulate that all evidence given under the defense so interposed should be stricken out if no proof appeared upon the minutes of the court that the plaintiff had not given full value for the goods, and that she had knowledge of the alleged fraud upon the part of her vendor. Agreeably to the stipulation, all the evidence given in support of this defense was stricken out; the justice holding that no proof appeared, such as was called for, touching the plaintiff's knowledge of the fraud of her vendor, or tending to show that full value had not been given by her for the goods.

Upon this appeal two questions are presented: (1) Was there evidence of title in the plaintiff, and of a proper demand upon the defendants for the return of the goods, sufficient to support the cause of action? And (2) was there a complete absence of proof that the plaintiff had notice, express or implied, of the vendor's fraud in obtaining possession of the goods? We think that the judgment is to be supported through an affirmative answer in each case.

From the record it appears that the plaintiff, in March, 1891, had made a demand loan to her brother, Solomon Seligman, of $500, and that repayment was demanded by her in the succeeding month of May. To this demand, Seligman urged his inability to make payment, but offered a sale and delivery of stock in trade, valued at the amount of the debt, in satisfaction. The offer was accepted, and a bill was made out by Seligman, stating the purchase of 16 casks of soda ash; and this bill was delivered, with receipt of payment acknowledged, to the plaintiff. In further accordance with the

agreement between the parties as to delivery of the goods, Seligman placed them on storage with the defendants, and gave the plaintiff the latter's negotiable storage receipt, made out in the name of "Mr. E. L. Goldenson," the refusal to deliver upon her presentation of which receipt constituted the gravamen of the action. For the defendants it was claimed that Seligman had represented himself as E. L. Goldenson, and that their refusal to deliver to the plaintiff was based upon her production of the receipt unindorsed, but the evidence upon this point was that of an interested witness, subject to discredit by the jury; and, while the wording of the receipt tended to support the witness' story, we cannot hold that the description "Mr.," in place of "Mrs.," concluded the question against the plaintiff, granting that the fact could have been most persuasive upon the tribunal having jurisdiction to review the preponderance of proof. But such is not our province. Therefore we cannot find error in the denial of the defendants' motion for a dismissal of the complaint, since there was evidence of title in the plaintiff, and a proper demand upon the defendants, the bailees. From the evidence of Seligman's instructions given by the plaintiff, and from the fact that the receipt was in the plaintiff's name, the jury could have inferred that the abbreviated description was erroneous through some oversight merely; and they were not precluded from so inferring because Seligman was not called as a witness, since his evidence was as available to one side as to the other, so far as any explanation to the contrary appears. Lawson, Pres. Ev. p. 120, rule 22.

We next come to the inquiry whether the plaintiff was chargeable with knowledge of Seligman's fraud in obtaining possession of these casks, and we do not question the presence of evidence that there was such fraud; but, since there was a total absence of proof that actual knowledge existed, the defendants' contention must be founded only upon the theory of imputed notice to the plaintiff, arising from Seligman's agency to store the goods. We are convinced, however, that the contention is not sound, since the plaintiff's title, which was the sole matter in question, could not have been affected through this special agency. Seligman's act of storing the goods (of which he had colorable title, for the purpose of sale to the plaintiff, and which at the time of storage he had sold to her) was mechanical merely, and was not connected with his method of obtaining them. The fact that some of the casks were received by him on the day when they were stored does not affect the question, since this day was also that of the sale, as appears from the documentary evidence, and his possession as vendor was not, as far as the plaintiff was concerned, his custody as agent for the bailor. As vendor, which was as principal in a distinct transaction, he had knowledge of his own fraud in obtaining the goods sold; but this knowledge was in no way material to his agency for the plaintiff, nor would the presence or absence of the facts in his mind have affected his proper consummation of the act which he was delegated to perform. Even had the plaintiff obtained actual knowledge of the fraud at the time of the transaction, the goods could have been placed by

her, or by her agent, with the defendants for storage; and, as against the latter, without intervention by others, her right to whatever benefit the storage might present would have been complete. Upon what principle, then, can such knowledge be imputed to her, through her agent, when the agent's knowledge was neither received within the course of the transaction, nor material to the matter within his charge? The plaintiff's title was neither derived through, nor connected with, this agent's act in placing the goods with the defendants; and, failing express or implied knowledge of the fraud, as noted, the evidence given under the separate defense was, according to the stipulation, properly stricken from the case.

The appellants appear to have abandoned any contention under the stipulation that "full value had not theretofore been paid" by the plaintiff; and it is clear from the evidence that the goods were not worth more than $500, the amount of the plaintiff's claim for money actually paid, which she relinquished as consideration for the sale.

Three exceptions to rulings upon evidence are brought to our attention. The first was taken to the admission of documentary evidence showing the derivation of the money loaned to Seligman by the plaintiff. This was certainly relevant and material to the issue of consideration, and, from its nature, appears to have been the best evidence of the facts. The second objection was taken to the form of a question, as calling for a conclusion, but we learn from the record that the question was not answered. No ground of objection to the admissibility of the evidence was made in the third instance, and therefore the exception is nugatory upon appeal. Carroll v. O'Shea (Com. Pl.) 21 N. Y. Supp. 956; Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457.

The judgment should be affirmed, with costs. All concur.