(15 Misc. Rep. 133.)

### HAHNENFELD v. WOLFF.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

PRINCIPAL AND AGENT—AUTHORITY TO RECEIVE PAYMENT.

An agent to sell goods, who has not possession of them, has no implied authority to receive payment therefor; and one making payment to such agent, unless authorized by a course of dealing with the seller, does so at his peril.

Appeal from Sixth district court.

Action by Henry Hahnenfeld against Bernard W. Wolff to recover the price of merchandise sold and delivered. From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

James R. Angel, for appellant.

Wm. C. Coxe, for respondent.

BISCHOFF, J. It was conceded by the defendant that the sale was made to him through the instrumentality of one Grimshaw, and it conclusively appeared from the invoice in defendant's possession, and produced by him, upon which the alleged payments to Grimshaw were receipted for by the latter, that the defendant, before such payments, knew the plaintiff, and not Grimshaw, to be his vendor. Grimshaw was employed by the plaintiff to solicit orders from customers, and did not appear to have been intrusted with the possession of the whole or any part of the merchandise sold. Under these circumstances the payments to Grimshaw were made by the defendant at his peril of the former's want of authority. It is well settled that an agent to solicit orders merely, or to sell goods, who has not the possession of the goods, has no implied or apparent authority to receive payment. Higgins v. Moore, 34 N. Y. 417; McKindly v. Dunham (Wis.) 13 N. W. 485; Butler v. Dorman, 30 Am. Rep. 795; Meyer v. Stone, 55 Am. Rep. 577; Kane v. Barstow (Kan. Sup.) 22 Pac. 588; Kohn v. Washer, 53 Am. Rep. 745. Proof of Grimshaw's authority to collect, either by plaintiff's express direction, or by inference from a course of dealing, was, therefore, essential to the defendant's success upon the trial (Higgins v. Moore, supra; Lamb v. Hirschberg, 1 Misc. Rep. 108, 20 N. Y. Supp. 678), and the absence of such proof renders the judgment appealed from erroneous.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.