## ZILBERMAN v. FRIEDMAN.

(Supreme Court, Appellate Term. May 16, 1907.)

PRINCIPAL AND AGENT—IMPLIED AUTHORITY—COLLECTION OF DEBTS.

Where goods were sold on credit, and a bill was delivered therewith on which was printed the notice, "Pay none but authorized collectors," a payment for the goods thereafter made to the salesman who sold the same, and who was without actual authority to receive payment, or apparent authority other than that he sold the goods, did not discharge the purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 298–310.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Richard Zilberman against Isaac Friedman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Schleimer & Schleimer, for appellant.

Charles H. Fuller, for respondent.

SEABURY, J.   The plaintiff was a wholesale dealer in beds, do-
ing·business as the Bell Metal Furniture Company, and sold and de-
livered goods to the defendant at an agreed price.   The defendant
pleaded payment, and this defense presented the only issue upon the
trial.   The defendant ordered the goods from one Bromberg, who was ·
a salesman of the plaintiff.   The goods were sold upon credit.   When
the goods were delivered to the defendant, a bill or statement of ac-
count was also delivered, at the head of which was printed the notice,
"Pay none but authorized collectors."   Three weeks after the delivery
of the goods, Bromberg called upon the defendant and demanded pay-
ment.   The defendant paid Bromberg the amount of the bill, and
Bromberg receipted the bill as follows: "Received payment.   Bell Metal
Furniture Co., J. J. B."   Bromberg failed to pay the money he received
from the defendant to his principal.   Upon these circumstances being
proved, the justice before whom the action was tried awarded judg-
ment for the plaintiff.

Bromberg· had no real or apparent authority to collect the purchase
price of the goods from the defendant, and payment to him did not bind
the principal or discharge the defendant.   Mr. Mechem, in his work
on Agency, says:

"Whether an agent authorized to sell personal property has implied authority
to receive payment is a question upon which there has been much difference of
opinion.   It will be obvious that its solution must depend largely upon the na-
ture of the particular transaction, and the usages, if any, in relation thereto."
Section 336.

In Clark & Skyles on the Law of Agency (volume 1, § 239), the
rule when the goods are sold on credit is stated as follows:

"An agent, employed to make sales and selling on credit, is not authorized
to subsequently collect the price in the name of the principal;   and payment to
him will not discharge the purchaser, unless he can show some authority in the
agent, other than that necessarily implied in a mere power to make sales."

In Hirshfield v. Waldron, 54 Mich. 649, 20 N. W. 628, it was held
that presentation of a bill by a merchant's employé does not warrant
the debtor in paying the amount of the bill to him, even when the
agent states that he is authorized to receive it and the bill is in the ·
merchant's handwriting and on one of his bill heads.   In view of the
circumstances of this case, and of the notice upon the bill that none
but authorized collectors were to be paid, the payment to the. agent
was insufficient to protect the purchaser.   Lamb v. Hirschberg, 1 App.
Div. 519, 37 N. Y. Supp. 283.   The proof showed that Bromberg
was not authorized to make collections.   His authority was merely
to solicit orders or sell the goods of his principal.   The goods were
never in his possession, and he was clothed with no indicia of au-·
thority.   Payment made to him under these circumstances was at the
peril of the debtor, and, upon his failure to establish the real or ap-
parent authority of the agent to make collections, the payment to him
afforded the debtor no protection.   Hahnenfeld v. Wolff, 15 Misc.
Rep. 133, 36 N. Y. Supp. 473.

Judgment affirmed, with costs.   All concur.