IROQUOIS MANUFACTURING COMPANY, Plaintiff, v. BARRON U. DAVIS, Defendant.

County Court, Niagara County, January, 1924.

Sales — action to recover purchase price of liquid adamite — order taken by plaintiff's salesman contained no provision for application of liquid — acknowledgment of order recited lack of authority of salesmen to make collection on orders — defendant removed adamite from freight station and paid plaintiff's salesman for material and for labor incident to application — when payment to sales agent is no defense to action for purchase price — when error in reception of evidence deemed not to warrant new trial — when footnotes on acknowledgment of order deemed notice to purchasers — when burden devolved on purchaser to prove authority of agent — principal and agent.

Where an agent sells goods not in his possession payment to him is no defense to an action for the purchase price unless there is proof of his authority to collect, either by the direction of his principal or by inference from a course of dealing between the parties.

An agent of plaintiff having on April 19, 1921, received from defendant a written order for one barrel of liquid adamite, with his knowledge incorporated in the blank space of the order the following: " Will supply labor to put material on to cost $15.00 to cover entire roof less freight." The plaintiff on receipt of the order crossed out the provision in respect to furnishing labor. Within ten days in a communication direct to defendant acknowledging the receipt of the order " calling for 1 bbl. Liquid Adamite 60 gals. @ $1.25 per gal. Less freight," no reference was made to the provision to supply labor nor to the fact that such provision had been crossed out of the order. At the foot of this acknowledgment, which defendant did not deny receiving, there appeared in small red type as one of the conditions of the sale the following: " Salesmen have no authority to make collections or special allowances without our consent." On April twenty-ninth, the same day that the merchandise was shipped and the bill of lading forwarded to defendant, an invoice for " 1 steel bbl. Liquid Adamite 60 gals. $75.00 " was mailed to defendant, which he admits having received. At the foot of said invoice in small but plain type appeared the following: " Agents not allowed to collect without a written order from us." On May 16, 1921, plaintiff wrote defendant in effect that it had been informed by the railroad company of defendant's refusal to take the material and that the order had been canceled, with the advice that unless defendant promptly accepted the shipment, which had reached its destination in time, legal proceedings would be taken for breach of contract. Defendant took the adamite from the freight station, the agent who took the order had the material applied to the roof of defendant's building and was paid for both the material and the labor by defendant, who on July fifth wrote plaintiff to that effect. In an action to recover the purchase price, the answer besides a general denial pleaded the defense of payment, and at the close of the evidence the court directed verdict in favor of plaintiff. *Held*, that the error, if any, in receiving in evidence over the objection of defendant the original order ignoring the cross marks thereon, was rendered harmless by other proof and was not a ground for a new trial.

18

County Court, Niagara County, January, 1924.      [Vol. 122

Defendant's contention that the footnotes appearing in plaintiff's acknowledgment of the original order and upon the invoice, to the effect that he was not to pay the agent, did not, as matter of law, constitute notice to him, but simply presented a question of fact for the jury, was untenable.

In the absence of a course of dealing between plaintiff's agent and defendant from which an inference of the agent's authority to collect could be drawn, the burden was not on plaintiff to prove want of authority in the agent, but on defendant to prove that the agent had authority, and the proof being to the effect that the agent had no such authority, defendant's motion for a new trial will be denied.

MOTION for new trial.

*Cohn, Chormann & Franchot (Paul Cohn,* of counsel), for motion.

*Watts, Hunt & Findlay,* opposed.

HICKEY, J.  This is a motion on behalf of defendant for a new trial on the minutes of the court.

On April 19, 1921, defendant gave to plaintiff's agent an order for one barrel of liquid adamite at twenty-five cents per gallon. Leaving out unessential printed matter, the order reads as follows:

"<em>April</em> 19, 1921.

" IROQUOIS MANUFACTURING CO.,
          " Cleveland, Ohio:

" Ship on or before May 1st, 1 bbl. Liquid Adamite at .25 per gal.

Terms 2% 10 days

              " B. U. DAVIS
                "Art Museum
                  " 317 Riverway,
                    " Niagara Falls,
                      " New York.
                        " ARTHUR ORNE, *Salesman.*"

The agent who took the order incorporated in the blank space, with the knowledge of defendant, the following: " Will supply labor to put material on to cost $15.00 to cover entire roof less freight." This order was forwarded to plaintiff whose place of business was at Cleveland, O.   Upon its receipt plaintiff crossed out the provision quoted above in respect to furnishing the labor.

Thereafter and on April 28, 1921, plaintiff acknowledged, in a communication direct to defendant, receipt of the order " calling for 1 bbl. Liquid Adamite 60 gals. @ $1.25 per gal.   Less freight," which defendant does not deny receiving.   No reference was made in this acknowledgment to the provision to supply labor nor was any reference made to the fact that such provision had been crossed out of the order.   At the foot of the acknowledgment and following the signature of plaintiff, appeared in large red type the following:

" Conditions governing all sales." Then, in small red type under the above heading, appears as the third condition (the others not being essential) the following: " Salesmen have no authority to make collections or special allowances without our consent."

On the day following, April twenty-ninth, the barrel of adamite was shipped to defendant at Niagara Falls and a bill of lading forwarded and on the same day a bill or invoice for the adamite was mailed to defendant, which he admits having received. The bill or invoice was for " 1 steel bbl. Liquid Adamite 60 gals. $75.00." At the foot of this invoice, in small but plain type, appeared the following: "Agents not allowed to collect without a written order from us." This line stands alone without other printed matter connected with or accompanying it.

The adamite reached its destination in due time but was not removed promptly from the freight station at Niagara Falls by defendant. On May 16, 1921, plaintiff wrote defendant to the effect that it had been informed by the railroad company that defendant refused to take the material and that the order had been canceled. This communication further advised defendant that he had given plaintiff no notice of any cancellation and that the defendant's original order provided that it was not subject to countermand and further that unless defendant accepted the shipment promptly plaintiff would refer the matter to its attorney, authorizing him to institute legal proceedings for breach of contract. It does not appear that defendant answered this communication or acknowledged receipt of invoice previously received until July fifth when he wrote plaintiff to the effect that he had paid the agent in full on May twenty-first. In the meantime defendant had taken the adamite from the freight station and the agent who took the order had it applied to the roof of defendant's building and defendant paid him for the adamite and labor. On July seventh plaintiff acknowledged receipt of defendant's letter of July fifth, expressing surprise that defendant had paid the agent and calling defendant's attention to the fact that he had no authority from plaintiff to make such payment and reminding defendant of the fact that the plaintiff's invoice plainly stated that the agent had no authority to collect accounts and further requested that defendant remit the purchase price of the adamite. Defendant ignored this letter and later on plaintiff brought suit to recover the purchase price of the adamite, namely, seventy-five dollars. Defendant interposed the defense of payment and a general denial. At the close of the evidence the court directed a verdict for plaintiff for the purchase price of the adamite and interest.

In the course of the trial the court received in evidence, over

the objection of defendant, the original order as signed by defendant. As stated above, the provision in this order for supplying labor had been crossed out by plaintiff, but in receiving it in evidence the cross marks were ignored and the order received as originally made.

It is now contended by defendant's counsel that the receipt of this order was error owing to the fact that it was mutilated by the cross marks. There might be force to this argument if defendant had refused to accept the adamite and plaintiff had brought suit for breach of contract. But such is not this case. Defendant accepted the adamite and the agent from whom he took the order applied or caused it to be applied to defendant's building. Defendant did not know that the provision in the order to supply labor, etc., had been crossed out until the order was offered in evidence upon the trial. Defendant's order, therefore, as originally made by him was filled in every respect. Even though this order had not been received in evidence at all, there was nevertheless an abundance of proof making out a case of sale, delivery and acceptance. Defendant had received an acknowledgment of his order for a barrel of adamite and an assurance that the material would be shipped. The material was shipped. An invoice of the material was mailed to and received by defendant and thereafter he accepted and used the material. If, then, there was any error in receiving the order in evidence, it was rendered harmless by the other proof in the case and does not, therefore, furnish grounds for ordering a new trial.

Defendant also contends that the jury should have been allowed to pass upon the question whether defendant was chargeable with notice that he was not to pay the agent. His contention is that the footnotes to that effect in the acknowledgment of receipt of original order and upon the invoice did not constitute notice to defendant as a matter of law but simply presented a question of fact for the jury to pass on and cites in support of this proposition: *Sturtevant Co.* v. *Fireproof Film Co.*, 216 N. Y. 199; *Thompson* v. *Bailey*, 220 id. 471, and other cases.

The principles of law laid down in these authorities are sound to the cases there under consideration, but they are not in point so far as the case in hand is concerned. They do not involve the question of an agent's right to collect from his principal's customer, which is the question presented here. The defendant's argument proceeds on the theory that in the absence of notice being brought home to him that he must not pay the agent, he was, therefore, justified in so doing. I do not understand this to be the law. The rule in such cases seems to be that payment to an agent is no defense in an action for the purchase price of merchandise sold by

Misc. 277]       Surrogate's Court, Bronx County, January, 1924.

an agent not in possession of the goods unless there is proof of the agent's authority to collect either by the principal's direction or by inference from a course of dealing. *Higgins* v. *Moore*, 34 N. Y. 417; *Hahnenfeld* v. *Wolff*, 15 Misc. Rep. 133.

There was no course of dealing between plaintiff's agent and defendant from which an inference of the agent's authority to collect could be drawn, and if the proof established anything on the question of the agent's authority it was to the effect that he had no such authority. But the burden was not on plaintiff to prove want of authority in the agent. The burden was on defendant to prove that the agent had authority. Such seems to be the rule laid down in the cases last above referred to and the case of *Thompson* v. *Bailey*, *supra*, cited by defendant, so far as applicable at all to the case in hand, supports this view.

The motion for a new trial is, therefore, denied, with ten dollars costs.

Ordered accordingly.